JÓHN SIMMS, *et al. vs.* THOMAS E. LLOYD, *et al.*

*Creditors' Bill—Plea of the Statute of Limitations—Practice in Equity—Appeal—Effect of the Reservation contained in the Act of* 1876, *ch.* 58.

Where an interlocutory decree is passed against resident defendants, and a decree *pro confesso* against non-residents, for want of appearance and answer to a creditors' bill, and other defendants plead the Statute of Limitations, this plea does not enure to the benefit of those not pleading it, and there is no necessity on passing a decree for a sale, to reserve the question, whether the non-answering and non-resident defendants are entitled to the protection of the Statute. But the Court has the undoubted right to reserve the question.

The reservation of the question leaves the claim of the complainants yet before the Court for adjudication, and gives them no ground of appeal.

A judgment was recovered on the 12th of November, 1860, and was without stay of execution. On a creditors' bill filed on the 4th of February, 1875, by the judgment creditor, and another, and a plea of the Statute of Limitations, it was HELD:

1st. That the whole period of statutory limitation having fully matured (after deducting the period allowed by the original seventh section, of Art. 57, of the Code,) before the bill was filed, the Act of 1876, ch. 58, allowing eighteen months after bill filed

Simms, *et al. vs.* Lloyd, *et al.*

to sell the real estate of a deceased debtor, could not help the judgment.

2nd. That whatever effect the Statute wrought was complete, and could be pleaded before the filing of the bill, and its being filed could not give the judgment a new lease of life.

3rd. That the complainant who had offered in evidence certain claims and judgments in support of an allegation in the bill, that the decedent was indebted to others in addition to the complainant, had no interest in those claims, and did not represent them in any such sense as justified his appealing because of any supposed injury done to the holders of them.

APPEAL from the Circuit Court for Montgomery County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellants before BARTOL, C. J., GRASON, ALVEY, IRVING, and RITCHIE, J., and submitted for the appellees.

*M. Bannon,* for the appellants.

*Thomas Anderson,* and *W. Veirs Bouic, Jr.,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This is a creditors' bill for the sale of a decedent's real estate to pay his debts. Two of the creditors, John Simms and Towner, file the bill for themselves and "all others, creditors of Thomas Fawcett, of Montgomery county, deceased, who will come in and contribute to the expenses of the suit." Some of the defendants are residents of the State, and have been reached with process, others are non-residents and have been brought in by order of publication duly published. The bill was filed 4th February, 1875.

On the 23d of June, certain defendants answered and craved the protection of the Statute of Limitations, as to the claims set out in the bill. Some of the defendants summoned having failed to appear and answer, an interlocutory decree, and order for the taking of testimony, in support of the bill, was passed against them; and the non-resident defendants having failed to appear in accordance with the notification, a decree *pro confesso* was passed against them. The case then proceeded to a commission to take testimony; and the complainants not only proved their own judgments and their non-payment, but also, by way of establishing the allegation of the bill that there were other creditors besides the complainants, filed copies of judgments in favor of other persons, and certain other evidence of outstanding indebtedness. General replication to the answer filed on 23rd June, 1875, was not filed until the 4th of February, 1881. On the 19th of April, 1881, an agreement between complainants and answering defendants was filed setting the case down for hearing on the 25th of April, 1881. On that day (25th April, 1881,) the answering defendants filed a plea of the Statute of Limitations to the judgments and extract of decree offered in evidence by the complainants. After hearing, the Circuit Court filed an opinion by which the Court adjudicated Towner's judgment not barred by limitations, and that Simms' judgment was barred by the Statute as respects the defendants who answered and relied on the Statute. The opinion states that the Court reserves the question whether the non-answering and non-resident defendants are entitled to the protection of the Statute, upon any of the claims, (except Towner's which was found within date). A decree was passed for a sale for the purposes mentioned in the opinion. The complainants appealed.

Inasmuch as it has been repeatedly held by this Court, that in order to receive the benefit of the Statute of Limi-

tations it must be specially pleaded; and the reliance of one defendant in his answer or plea upon the Statute will not enure to the benefit of another defendant who has not so relied; we do not see why the Circuit Court reserved the question for future determination, as respects the persons in default and against whom an interlocutory decree and a decree *pro confesso* had been passed, for want of appearance and answer. *Maddox vs. The State,* 4 *H. & J.,* 539; *Merryman vs. The State,* 5 *H. & J.,* 423; *McCormick vs. Gibson,* 3 *G. & J.,* 12; *Dixon vs. Dixon,* 1 *Md. Ch. Dec.,* 271; *The Cape Sable Co. Case,* 3 *Bland Ch. R.,* 606; *Williams vs. Banks,* 11 *Md.,* 198, and *McDowell vs. Goldsmith,* 2 *Md. Ch. Dec.,* 390. But that question having been reserved, there has been no such action on the part of the Court in that respect, as entitles the appellants to complain to this Court. To that extent the claim of the appellants is yet before the Circuit Court for adjudication, and there is no ground of appeal. The Court exercised an undoubted right in so reserving the question, and the appellants cannot complain of it.

In allowing the plea of limitations interposed, to prevail against the Simms judgment, so far as the defendants who answered and relied on the Statute are concerned, we think the Circuit Court was right. That judgment was rendered on the 12th of November, 1860, and was without stay of execution. In *Kirkland & Von Sacks vs. Krebs,* 34 *Md.,* 93, this Court expressly decided that the time covered by the stay laws of 1861 and 1862 was not to be deducted from the statutory period of limitations, and that those laws did not affect the running of the Statute. Although the Court below allowed the period of eighteen months covered by these statutes, the judgment of Simms was found to be nine months too old for allowance. The seventh section of Article 57 of the Code of Public General Laws does, moreover, unequivocally allow the period of eighteen months after the death of any debtor and

Simns, *et al. vs.* Lloyd, *et al.*

administration on his estate; but that period had elapsed and the judgment was entirely barred before this bill was filed. The Act of 1876, ch. 58, allows eighteen months after bill filed to sell the real estate; but that Act cannot help Simms' judgment, because the whole period of statutory limitation had fully matured (after deducting the period allowed by the original seventh section of Article 57 of the Code,) before the bill was filed; and there was nothing to arrest. Whatever effect the Statute wrought was completed, and could be pleaded before the filing of the bill, and its being filed could not give the judgments a new lease of life. The bill places the claim upon the judgment as such, and does not, nor does the proof, attempt to put the claim to recovery upon a new promise which the judgment would, as a consideration, support. We find no error in this part of the Court's action.

In our opinion the appellants have no ground of complaint of the Circuit Court's ruling, in respect to the claims and judgments offered in evidence in support of the allegation, that the decedent was indebted to others in addition to the complainants. Those claims were not then in issue. At the hearing, the answering defendants had pleaded limitations to those claims, but those creditors had not come in by petition, or in any way, and set up their demands so as to entitle and justify the defendants in pleading limitations and claiming a decision. The bill expressly stated, that it was filed for the benefit of all who would come in and contribute to the expenses of the suit; but it would have been so regarded if that specific statement had not been made. *McCormick vs. Gibson*, 10 *G. & J.*, 65. These judgment creditors had done nothing tending to make them bound as parties for any costs, and were not then before the Court for adjudication of any claims they might have; but the appellants have no interest in their claims, and do not represent them in any such sense as justifies their appealing, because of any supposed

v. 58.

injury done to these outside creditors.   Two of the judg-
ments, according to the record and proof, stand to the use
of Benjamin Fawcett, the administrator of Thomas Faw-
cett, the judgment debtor.   In his answer he admits the
complainants' claims set up in the bill, but he sets up no
claim of his own.   He does not appeal.   The appellants
certainly cannot represent him who is defendant in their
suit.   The decree is not reversible for any injury done the
appellants, and must be affirmed; but it will be affirmed
without prejudice to the rights of the claimants, who have
not formally presented their claims so that they might be
contested by those having the right to contest.

In the view we take, the questions of evidence raised by
the exceptions, are immaterial and need not be passed
upon.

*Affirmed without prejudice.*

(Decided 11th July, 1882.)