# MARYLAND CASUALTY COMPANY

*vs.*

## STATE OF MARYLAND, TO THE USE OF THE FIRST SAVINGS AND LOAN ASSOCIATION.

*Administrator's Bond—Action by Decedent's Creditor—Time of
Filing Claim—Notice—Limitations—
Defenses of Surety.*

In an action on an administrator's bond by a creditor of deceased, a prayer submitted by plaintiff *held* properly rejected as ignoring defendant's testimony that a residuum of the estate which would have been applicable to the payment of the plaintiff's claim was paid to the residuary legatee after the expiration of the notice to creditors and before he had notice of the claim, and also as ignoring defendant's testimony that the claim was rejected by him and payment refused more than nine months before the bringing of the action.          p. 153

Notice of the passing of an administration and distribution account after the filing of a claim, without the allowance of the claim, is not to be regarded as notice to the claimant of the rejection of the claim, necessitating that suit on the claim be brought within nine months thereafter, especially where there is evidence of representations by the administrator calculated to throw the claimant off his guard.          p. 153

The administrator having, after the expiration of the notice to creditors and before he had notice of plaintiff's claim, paid the residuum of the estate to the residuary legatee, plaintiff's claim could not be paid out of assets which had been set apart, as appeared by the administrator's account, for the payment of a specific pecuniary legacy.          p. 153

Since Code, Art. 93, Sec. 107, provides that if the creditor or claimant shall not, within nine months after the dispute or rejection of a claim, commence suit for its recovery, "the creditor shall be forever barred," a surety on the administrator's bond is, if suit was not instituted on the claim within the pre-

scribed time, not liable therefor, even though a judgment on the claim was rendered against the administrator in a suit instituted after such period.                                                    p. 154

*Decided November 18th, 1920.*

Appeal from the Superior Court of Baltimore City (Duffy, J.).

The following prayers were submitted:

*Plaintiff's First Prayer.*—The plaintiff, by its counsel, prays the court, sitting as court and jury, to rule as the law in this case, that if the court shall find from the evidence in this case, the defendant, Dave B. Kirsner, was duly appointed administrator *c. t. a.* of the estate of Isaac Baer, deceased, by the Orphans' Court of Baltimore City, that he accepted said appointment and gave the bond offered in evidence, and duly entered upon the discharge of the duties as administrator *c. t. a.* and that the plaintiff duly presented its claim to the Orphans' Court of Baltimore City, and that the same was approved by the said court on the 18th day of July, 1916, and that the administrator, Dave B. Kirsner, had due notice thereof and that afterwards, to wit, on the 25th day of July, 1916, had stated and filed in the said court an account whereby he distributed the estate of the said Isaac Baer, deceased; and if the said court shall further find that the said Dave B. Kirsner, at the time of the filing of said claim, the said Dave B. Kirsner, had in hand more than sufficient funds with which to pay the plaintiff's claim, but failed to pay the same; and if the court, sitting as court and jury shall further find that the said defendant, the Maryland Casualty Company, as described in the evidence in this case, became surety for the said Dave B. Kirsner at the time of the granting of the said Letters of Administration and shall also further find that the said plaintiff afterwards sued the said Dave B. Kirsner, administrator as aforesaid on the said claim, in the Superior Court of Baltimore City and obtained

a judgment thereon for the sum of $164.20 and interest and costs and afterwards caused an execution to be issued thereon out of this Court, directed to the Sheriff of Baltimore City which was duly returned *"nulla bona,"* prior to the institution of this suit, then the verdict of this Court should be for the plaintiff in this case. (*Granted.*)

*Plaintiff's Second Prayer.*—The plaintiff further prays the court to rule as the law in this case that if the court shall find for the plaintiff, in the plaintiff's first prayer, that the verdict of the court, sitting as a jury, should be the amount of the judgment heretofore recovered by the said plaintiff against the said Dave B. Kirsner, administrator, with costs and interests. (*Granted.*)

*Defendant's First Prayer.*—The defendant prays the court, sitting as a jury, to instruct itself that under the pleadings in this case there is no legally sufficient evidence to entitle the plaintiff to recover, because it appears from the uncontradicted evidence in this case, that plaintiff did not commerce a suit for recovery of its claim against the estate of Isaac Baer, within nine months after its rejection by Dave B. Kirsner, administrator *c. t. a.* of the said Isaac Baer. (*Refused.*)

*Defendant's Second Prayer.*—The defendant prays the court to instruct itself, sitting as a jury, that if it believes from the evidence that Dave B. Kirsner, administrator *c. t. a.* of the estate of Isaac Baer, gave the six months' notice to creditors, as testified to in evidence; that on the 18th day of July, 1916, the plaintiff's claim against the estate of Isaac Baer were passed by the Orphans' Court of Baltimore City, and entered by the Register of Wills of said city, upon his docket of accounts, as testified to in evidence; that the said administrator on the 25th day of July, 1916, filed his administration and distribution account offered in evidence, and that plaintiff's said claims were not allowed in said account, and further that plaintiff had notice thereof for nine months before the institution of the action in this Court on the 31st

day of May, 1917, by the plaintiff in this action against the said Dave B. Kirsner, administrator as aforesaid, that then the verdict of the court, sitting as a jury, should be for the defendant.    (*Refused.*)

*Defendant's Third Prayer.*—The defendant prays the court to instruct itself, sitting as a jury, that if it believes, from the evidence that the plaintiff's claim against the estate of Isaac Baer, were passed by the Orphans' Court of Baltimore City, and that payment of the claims was demanded by plaintiff, and refused by Dave B. Kirsner, administrator *c. t. a.* of said Isaac Baer, that then the plaintiff cannot recover unless suit for recovery of said claims was commenced within nine months after such rejection, and that if the court, sitting as a jury, shall believe from the evidence that suit was not commenced within nine months after such rejection, that then the verdict of the court, sitting as a jury, should be for the defendant.    (*Refused.*)

*Defendant's Fourth Prayer.*—The defendant prays the court to rule as a matter of law, that if the court, sitting without a jury, shall find as matter of fact that the said Dave B. Kirsner, administrator, had paid away and distributed all of the assets of the estate to persons entitled under the law and further find that said administrator had given the notice to creditors in the manner provided by law, and further find that the statutory period of six months had expired within which creditors are required and permitted to file their claims, and further find, that before the claims of the plaintiff was exhibited to the administrator or the Register of Wills, that the administrator had made distribution of all the assets coming into his hands and also that no further assets came into his hands after said claim was filed, then the verdict of the court shall be for the defendant. (*Granted.*)

*Defendant's Fifth Prayer.*—The defendant prays the court to rule as a matter of law that there is no evidence in this case legally sufficient to entitle the plaintiff to recover, and

that the verdict of the court, sitting as a jury, shall be for the plaintiff.  (*Refused.*)

The defendant filed the following special exception to plaintiff's first prayer:

The defendant, by its counsel, excepts specially with granting of the plaintiff's first prayer because:

There is no evidence in this case legally sufficient to prove that Kirsner as administrator had any funds of the estate in his hands at the time the plaintiff's claim was filed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, ADKINS, and OFFUTT, JJ.

*Walter L. Clark* and *Charles T. Reifsnifer,* with whom was *Dave B. Kirsner* on the brief, for the appellant.

*Harry T. Kellman,* with whom was *Robert W. Mobray* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the court.

The appeal in this case is from a judgment against the Maryland Casualty Company as surety of Dave B. Kirsner, administrator *c. t. a.* of the estate of Isaac Baer, deceased. Isaac Baer died on October 3rd, 1915, his will was duly probated, and letters were granted to Kirsner on October 27th, 1915, who duly qualified. Notice to creditors was published October 27th, 1915.

The First Savings and Loan Association, Incorporated, the appellee here, filed its claim against the deceased July 18th, 1916, which was duly passed by the Orphans' Court of Baltimore City. An administration account was filed by the administrator on July 25th, 1916, distributing all the assets of the estate, but the claim of appellee was not included in said account nor was any money withheld to pay the same. On May 31st, 1917, appellee filed a suit on said claim against the administrator in the Superior Court of Baltimore City, and obtained judgment against the admin-

istrator for $164.20, with interest from May 31st, 1918, and costs, and execution was issued on said judgment to the sheriff of Baltimore City, and the return of the sheriff thereon was *"nulla bona."*

Suit on the bond against the appellee was docketed in the Superior Court of Baltimore City on November 16th, 1918, in which judgment was recovered by the appellant for $190.72.

The declaration recites the appointment and qualification of Kirsner as administrator *c. t. a.,* and charges that he did not perform the duties required of him, in that he failed to pay unto the plaintiff a certain claim filed against the estate and passed by the Orphans' Court, of which he had due notice while he was in possession of sufficient funds with which to pay the same; recites further the suit and judgment against him, the execution and return of *"nulla bona,"* and alleges the failure and refusal to pay the judgment.

Six pleas were filed by defendant averring performance of all duties; full administration of assets before administrator had any notice of the claim, before said claim was proved and filed, and before suit was brought; and that after the lapse of six months from date of letters and after six months notice to creditors, the administrator paid out in discharge of all just claims, and distributed to the persons entitled under the will of the said Isaac Baer, deceased, the surplus remaining in his hands after the payment of said claims, all the assets of the said decedent which had come to his hands, and that at the time of said payment and distribution he had no notice or knowledge of the plaintiff's alleged claim, and that since said payment and distribution no further assets have come to his hands; that when he was informed of plaintiff's claim it was disputed and rejected by the administrator, and that the plaintiff did not within nine months after the said claim was disputed and rejected bring suit thereon. The plaintiff joined issue on the pleas averring performance of duties and full administration of assets after

due notice and before claim was filed or brought to administrator's knowledge, and traversed the other averments of the pleas.

By a stipulation filed in the case the following facts were agreed to:

Death of Isaac Baer on October 3rd, 1915, probate of will, grant of letters and qualification of administrator on October 27th, 1915, with the Maryland Casualty Company, the defendant, as surety on the bond, and that notice to creditors was published on October 27th, 1915; that claim of the plaintiff was filed on July 18th, 1916; that a first administration account was filed on July 25th, 1916, distributing all the assets of the estate and that the said claim of the plaintiff was not included in said account or any money withheld to pay the same; that on May 31st, 1917, suit was filed on said claim and judgment recovered thereon against Dave B. Kirsner, administrator for $164.20, with interest from May 31st, 1918, and costs, and that an execution was issued thereon to the sheriff of Baltimore City and the return of the sheriff was *"nulla bona."*

The plaintiff further introduced in evidence a certified copy of a bond executed by the said Dave B. Kirsner, administrator *c. t. a.* of the estate of Isaac Baer, deceased, as principal, and the defendant as surety, in favor of the State of Maryland as the obligee, in the penalty of $2,000, dated October 27th, 1915, which was in the usual form.

The defendant then offered evidence as follows:

Dave B. Kirsner testified that he was the administrator of said estate; that he gave the usual notice to creditors, the same starting October 27th, 1915, and running for six months; that there was a residuum of the estate and that what was paid to the residuary legatee before plaintiff's claim was filed was more than sufficient to pay said claim; that the claim was filed July 18th, 1916; that prior to that date he had paid off the claims legally filed, and proved against the estate and all of those of which he had knowledge in any

way, and had fully administered the estate and passed all
money belonging to the estate out of his hands to the parties
entitled, in accordance with the account he had filed; that
the first knowledge he had of the claim was after the admin-
istration account had been filed and passed and he had been
notified by the auditor to come over to the Orphans' Court
and make affidavit to it; that he had originally filed the
account in his own handwriting under affidavit sometime in
June, 1916; that he had the account stated by the auditor of
the court about July 25th, paid the costs, and less than a
week subsequent to that he found the plaintiff's claim on his
desk and along with it was a letter from Mr. Kellman, plain-
tiff's counsel; that he then went to Mr. Kellman's office and
told him he could not recognize his claim and could not pay
it, "would not pay it under any circumstances, and their talk
finally ended up that the claim was based on some notes upon
which Isaac Baer was endorser along with others, and Mr.
Kellman said to witness that he thought the other endorsers
were responsible and that he would pursue his course against
them"; the conversation was the last of July, 1916, or the
first or second day of August; that witness heard no more
about the claim until suit was brought May 31st, 1917.

On cross-examination witness testified he had paid a judg-
ment claim against Baer at Kellman's office and Kellman
knew witness was the administrator by reason of that fact;
that Kellman did not at that time tell witness he represented
other clients having claims against the estate not reduced to
judgment; that there was a specific legacy of $600 left by
testator to the Hebrew Association, which was distributed
and set apart as shown by the original account filed with the
auditor before July 18th, 1916, and so notified the president
of the association, but he retained the check for the legacy
in his possession after filing the account until later, possibly
until August, 1916, in accordance with an arrangement made
with the daughter of the testator (who was then absent from
the city), agreed to by the president of the association, that

the check should remain in the custody of the administrator and be handed over at a public function at which the daughter could be present.

Harry Cohen, in rebuttal, testified that he was secretary of the plaintiff and attended to filing its claim; that a couple of months prior to the filing of the claim he notified Kirsner that plaintiff was going to file its claim and that Kirsner said "there is plenty of time for it, you don't have to hurry as it will take about a year before the estate is distributed, and see what you can do about foreclosure in the Smith case"; that he had several conversations with Kirsner about this claim with reference to the Smith foreclosure; that Kirsner never disputed the claim, but said "if it is not going to be made out of the Smith claim he was going to pay it," and this statement was made to him several months after July 18th, 1916, some time in the winter months.

William Cohen testified that he had a conversation with Kirsner the day the claim was filed, and Kirsner said he would attend to it.

Harry T. Kellman, attorney for plaintiff, testified that he told Kirsner of this claim prior to July 18th, 1916; that a few days after that claim was filed Kirsner came to the office of witness and told him he had paid out most of the money to the various parties, but still had $600 in his possession, which he was to turn over to some charitable organization, and that witness said "you have not filed your account yet in the Orphans' Court, and we are entitled to be protected," but Kirsner said "it is after six months," witness replied, "I don't think it makes any difference in law, as long as you have the money in your possession, and your account has not been filed, our claim must be protected"; that Kirsner then said "give me a few days to look up the law"; that witness did not see him in a few days but when he did see him Kirsner said "you are putting me in a very embarrassing position, won't you try to get this money out of Smith, the co-endorser," and witness said he would do anything to relieve him, but it

was not fair to ask that of him; Kirsner always asked him when he came to office of witness what was the status of the Smith foreclosure; when witness said that the money could not be made out of Smith he wrote Kirsner he must pay, but he refused "and that was the first time I knew after April 4th, 1917, that he was not going to pay that money, so I filed the suit against him which resulted in the verdict before Judge Heuisler."

The plaintiff offered two prayers and the defendant five; and the defendant filed special exception to plaintiff's first prayer, which was overruled. Plaintiff's prayers were granted and all the defendant's refused except the fourth.

All the prayers and the special exception will be set out by the *Reporter*.

The single exception in the record is to the adverse rulings of the trial court on the special exception and the prayers. Plaintiff's first prayer ignores the testimony of defendant that a residuum of the estate which would have been applicable to the payment of this claim was paid to the residuary legatee after the expiration of the notice to creditors and before he had notice of the claim. If that testimony was true, plaintiff was not entitled to have its claim paid out of the $600 special legacy retained by the defendant for the legatee. The prayer also ignores defendant's testimony that the claim was rejected by him and payment refused more than nine months before the bringing of suit against the administrator. It should therefore have been refused.

We are unable to say as a matter of law that the plaintiff was not entitled to recover, and therefore hold that defendant's first and fifth prayers were properly refused.

The proposition presented by defendant's second prayer is that notice of the passing of an administration and distribution account after the filing of a claim without the allowance of such claim is notice to the claimant of a rejection of the claim and of a refusal to pay the same. The one case cited by appellant to support that proposition (*Brown* v.

*Dist. of Columbia,* 127 U. S. 579) does not go so far. It decides only that where a claim is referred to and expressly disallowed, that is equivalent to a rejection. In any event we would be unwilling to apply the principle here contended for in a case where there is evidence of alleged representations by the administrator, which, if made, were calculated to throw the claimant off its guard. We find no error in the refusal to grant this prayer. But there was error in the refusal of defendant's third prayer.

The only theory on which that prayer could have been refused is that the defense of limitations, in case suit is not brought within nine months after the rejection of a claim, is open to the administrator only and not to the surety; but that contention is disposed of in the case of *Zollickoffer* v. *Seth,* 44 Md., at p. 375, where this Court called attention to the language of Section 107 of Article 93 of Code, viz: "And if on any claims exhibited and disputed as aforesaid, the creditor or claimant shall not, within nine months after such dispute or rejection, commence a suit for recovery, *the creditor shall be forever barred.*" The claim being "forever barred," the surety is not bound by a judgment thereon against the administrator, and when sued on such judgment can plead the bar.

For the errors in granting plaintiff's first prayer and refusing defendant's third prayer the judgment must be reversed.

*Judgment reversed, and new trial ordered,*
*with costs to appellant.*