## DONNALLY, ADMINISTRATRIX *v.* MONTGOMERY COUNTY WELFARE BOARD

[No. 12, October Term, 1952.]

*Decided November 7, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*James R. Miller,* with whom were *Lee C. Miller* and *Jo. V. Morgan* on the brief, for the appellant.

*L. Clark Ewing, Assistant County Attorney for Montgomery County,* with whom was *David Macdonald, County Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment in an action at law in favor of the Montgomery County Welfare Board for the sum of $2,014.30, entered upon a directed verdict on January 29, 1952.

The action was commenced on August 17, 1949, by the filing of a declaration under the common counts and a special count reciting that the plaintiff had paid old age assistance to the decedent in the sum of $2,014.30

during her lifetime. On August 31, 1949 the defendant filed general issue pleas and a special plea that part of the amount claimed was furnished during the lifetime of the decedent's husband. On October 3, 1949, by leave of court, these pleas were withdrawn and a demurrer filed, challenging the plaintiff's authority to sue; the demurrer was sustained. On appeal to this court the appeal was dismissed on May 17, 1950 because there had been no final judgment, but since the defect could be readily corrected we took occasion to state in positive terms that a right of action by the Welfare Board was implicit in the statute, and the court was therefore in error in sustaining the demurrer. *Montgomery County Welfare Board v. Donnally,* 195 Md. 442, 447, 449, 73 A. 2d 505, 508.

On June 22, 1950, a few days after the mandate of this court was received and the demurrer overruled, the defendant again filed general issue pleas and a third plea that part of the money claimed was paid during the lifetime of the decedent's husband, and a new fourth plea "that the estate of Mary Lyles Potts is indebted to the plaintiff in the amount of $751.36 for assistance furnished the decedent by the plaintiff after the death of the said William Potts; that the balance of plaintiff's claim was rejected by the defendant, in writing, and the plaintiff did not commence this action within nine months after plaintiff's claim was so rejected."

On July 7, 1950 the plaintiff filed a motion that the pleas "not be received by this Court or that so much of plea 4 thereof as relates to the Statute of Limitations be stricken therefrom and not received by this Court." The ground of the motion was that insofar as the 4th plea disputed part of the claim, in reliance upon its rejection more than nine months before suit was filed, it was not "timely filed". This motion was overruled. The plaintiff then filed a replication, and an amended replication, setting forth that "as to so much of plea No. 4 as relates to the time of commence-

ment of this action plaintiff says that it is an agency of the State of Maryland and is therefore exempt from the 'statutory bar' contained in Section 112, Article 93" of the Code of 1939. The replication further alleged that over 75% of the amount sought to be recovered was contributed by the State of Maryland, a portion of which was in turn contributed by the United States. A demurrer to the replication was overruled, and the defendant filed a rejoinder denying the facts alleged. After trial before a jury the court refused a prayer to the effect that the claim was barred by the statute.

At the outset it may be noted that both the third and fourth pleas admitted that the estate was indebted to the plaintiff in the amount of $751.36, the sum paid the decedent after the death of her husband. Moreover it was stipulated at the trial that the whole amount claimed had been paid to the decedent. So far as the sum admitted is concerned, the court was clearly right in directing a verdict. No point is made in this appeal as to the correctness of the court's action under the third plea. The dispute is in regard to the balance claimed, and raises the questions: (1) whether there was an unqualified rejection of the claim more than nine months before suit, (2) if there was, whether the plea setting up the statutory bar was in time, and (3) whether in any event the bar can be invoked against a State agency.

It appears from the letters put in evidence that the administratrix wrote to the Board on August 19, 1948, in regard to "the claim of your board * * * for old age assistance rendered the decedent from November, 1938 to and including June 1947 in the amount of $2,014.30. The undersigned, as administratrix * * * hereby advises you that she objects to, and denies the validity of the aforementioned claim to the extent that it reflects or is based upon old age assistance rendered from November 1938 to and including December 1945, amounting to $1,270.63, for the reason that the sup-

port and maintenance represented by the old age assistance during such period was the obligation of the decedent's husband, with whom she lived, and who did not die until December, 1945. Concerning the balance of the claim * * * there is no dispute and if the claim is corrected or amended accordingly, it will be promptly paid." The writer also supplied the name and address of her attorney, and requested that "further discussions, if any," be had with him.

This letter was acknowledged on August 24, 1948 by the director of the Welfare Board, stating that the decedent's husband himself received old age assistance from February, 1940 until his death in December, 1945, and that a claim had been filed against his estate. Evidently there were further discussions between the director of the Board and counsel for the estate, for on December 22, 1948, the latter wrote acknowledging a letter of December 14, 1948 in which the Director took the position that the board lacked authority to compromise the claims against the two estates. The letter of December 22 concluded with the statement: "This will be notice to you that we decline to pay the claim." If this could be considered as the first final rejection, it was within nine months of the time suit was brought.

We think, however, that the letter of August 19 was an unqualified rejection. The fact that a part of the claim was undisputed cannot affect the part that was disputed. "If a plea begin as an answer to part, and is, in truth, but an answer to part * * * it is sufficient as far as it extends." *Mitchell v. Sellman,* 5 Md. 376, 384, citing 1 *Chitty, Pleading* 523. Cf. *Jones v. Walden,* 145 Cal. 523; 78 P. 1046. It has been held that to start the running of a statute like ours (sections 114 and 115, Article 93, Code of 1951) the rejection must be unqualified. *Hoyt v. Bonnett,* 50 N. Y. 538. And we have said that an executor cannot "play fast and loose, and claim the benefits of the statute while at the same time leading the plaintiff to believe that he proposed to pay the claim." *Bogart v. Willis,* 158 Md.

393, 407, 148 A. 585, 590; cf. *Frank v. Wareheim,* 177 Md. 43, 51, 7 A. 2d 186, and *Maryland Casualty Co. v. State,* 137 Md. 144, 154, 111 A. 825. In these cases it was held that actions subsequent to the rejection, in the form of expressions of willingness to pay, admissions of liability, or a consummated agreement to compromise, had the effect of rescinding the notice given. There was no such action in the instant case, and no change of position by the administratrix or her counsel. The mere expression of a willingness to refer the claim (which we do not find in the instant case) has been held insufficient to toll the statute. *Van Ness v. Kenyon,* 208 N. Y. 228, 101 N. E. 881.

Nor do we find error in the failure of the court to grant the motion *ne recipiatur* or to strike the 4th plea. The contention is that the plea was not in time because the rule day had passed by the time the original pleas were withdrawn and certainly by the time the new plea was filed. We are not referred to any local rule of court on the subject. In *Snyder v. Cearfoss,* 187 Md. 635, 639, 51 A. 2d 264, we held that a plea of limitations was in time under a local rule, where filed within ten days after a demurrer was overruled, although we referred to the practice in Maryland of requiring such pleas to be filed by the rule day. Under Rule 6(b), IV, Part Three, of the Rules of Practice and Procedure adopted by this court, the filing of a demurrer enlarges the time for pleading without special order, and under 6(c) the court is empowered to extend the time for filing any pleading. It may well be that these rules supersede any local rules, and alter the old practice in regard to pleas of limitation. We find it unnecessary to pass on the point, since in any event we think the old practice as to pleas of limitation is not applicable to the plea filed in the instant case.

We have repeatedly held that Sections 114 and 115, Article 93, Code of 1951, create a statutory bar, as distinguished from a mere period of limitations, which may be waived. *Frank v. Wareheim, supra,* 177 Md.

50, 7 A. 2d 189, and cases cited. Hence, it extinguishes the right to sue and not merely the remedy. *Lichtenberg v. Joyce,* 183 Md. 689, 699, 39 A. 2d 789. It would seem to follow that the burden is upon the plaintiff to show compliance, rather than the defendant to set up the statute as a defense. Cf. *Mann v. Redmon,* 27 N. D. 346, 145 N. W. 1031. While it is generally held that a statute of limitations must be specially pleaded, *Simms v. Lloyd,* 58 Md. 477, 480, the reason for the rule is inapplicable to a non-claim statute. We need not go so far in the instant case as to hold that the defense would be available under the general issue pleas, but we hold that under the circumstances the old practice as to the rule day is inapplicable to the plea under the statute before us.

The chief question argued was whether the court erred in ruling that the Welfare Board was not barred by the non-claim statute. We clearly stated that the claim would be barred, in the former opinion in this case, 195 Md. 442, 446, 449, 73 A. 2d 505, 508. The trial judge took the position that this was a mere *dictum.*

It was shown at the trial that of the total amount paid to the decedent, the United States contributed 51.68%, the State 31.34% and Montgomery County 16.98%. The appellee argues that the United States is a real party in interest, to the same extent as though it were a party *eo nomine.* We find no merit in the contention. Nowhere in the federal statute requiring federal approval of a state plan for old age assistance do we find any statement that provision for recovery from the estate of a beneficiary is a prerequisite. Title 42, U. S. C. A. § 302. It has been held that the federal statute not only does not require this, but that a state is free to release liability after it has attached. *County Department of Public Welfare v. Potthoff,* 220 Ind. 574, 44 N. E. 2d 494. See also *City of Worcester v. Quinn,* 304 Mass. 276, 23 N. E. 2d 463. It may be noted that as originally enacted, and until changed by Chapter 700, Acts of 1947 the Maryland

statute accorded priority to a claim, second only to funeral expenses. It is now relegated to the status of a common debt.

The provision in section 16, Article 70A, Code of 1951, that "the net amount realized from all such claims shall be divided among the State, the county, and the Federal Government, in proportion to the amount of the assistance paid by each respectively * * *," is concerned with the disposition of what is realized, and does not bear upon the question of liability or defenses to liability. What may be recovered depends upon state law and not upon the sovereign rights of the United States. The United States, in contributing to the fund, has quite clearly indicated that it is content to restrict its claim to a proportionate part of what may be recovered under state law. If the United States or one of its agencies were entitled to prosecute the claim and properly in court for that purpose, then we would presumably be bound by the decision in *United States v. Summerlin,* 310 U. S. 414, 60 S. Ct. 1019, 84 L. Ed. 1283, which reversed the Florida court in holding a non-claim statute applicable to the United States. Cf. *United States v. Gibson,* D. C., 101 F. S. 225. We think that decision is inapplicable in the instant case. See *Waxter v. Mindel,* 200 Md. 367, 379, 89 A. 2d 599, 605.

The argument applies with even greater force to the contention that the State of Maryland is entitled to payment through the exercise of its sovereign right. Such a right may be waived by legislative action and the statute quite plainly indicates that the State is content to receive its proportion of whatever may be recovered by the county Board.

The appellee contends, however, that the State can assert its right through the county board on the ground that the Board is exercising governmental powers of the State, and invokes the general rule that Statutes of Limitation do not run against the State unless the statutes expressly so provide. If we assume, without deciding, that the recapture of funds paid for welfare

purposes is a governmental function, and that the general rule is correctly stated, it nevertheless appears that an exception has been recognized in many states in the case of non-claim statutes. The case of *Division of Aid for the Aged v. Wargo,* Ohio App., 73 N. E. 2d 701, is precisely in point. It was there held that since the purpose of the non-claim statute was to facilitate the settlement of estates, it could only attain its object if it were held to be all inclusive and apply to all claims. The same purpose is implicit in the Maryland statute. *Davis v. Winter,* 172 Md. 341, 348, 191 A. 902. In *Bahr v. Zahm,* 219 Ind. 297, 37 N. E. 2d 942, the court said: "It seems to us that the difference between the statutes here involved is basic. The non-claim statute relates to the exercise of a right, while the statute relieving the state from the operation of statutes of limitation pertains only to remedies. The non-claim statute imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. We do not know of any statute or rule of law that relieves the state of Indiana from the obligation to perform conditions precedent upon which the enforcement of a right of action is made to depend." To the same effect see *State v. Evans,* 143 Wash. 449, 255 P. 1035, 53 A. L. R. 564; *Rhodes v. State,* 196 Wash. 618, 83 P. 2d 896; *In re Peers' Estate,* 234 Iowa 403, 12 N. W. 2d 894, and *People v. Osgood,* 104 Cal. App., 133, 285 P. 753. See also *In re Bird's Estate,* 410 Ill. 390, 102 N. E. 2d 329, recognizing the distinction between a non-claim statute and a statute of limitations, as applied to a state. And see note 53 A. L. R. 569. We think the better reasoned cases, if not the clear weight of authority, support the proposition that the Maryland statute (section 116, Article 93 of the Code of 1951) is applicable to the Welfare Board, both in the light of its purpose and its all inclusive language. Cf. *Baltimore National Bank v. State Tax Commission,* 297 U. S. 209, 56 S. Ct. 417, 80 L. Ed. 586.

544

Moreover, as Judge Grason pointed out in the previous opinion in this case, Section 16 of Article 70A of the Code of 1951 merely provides that the amount paid "shall be allowed as a claim against the estate". A right of action for the recovery of a disputed claim is not expressly granted but arises from necessary implication, as otherwise there would be no means of resolving the dispute. But in implying a right of action it is not necessary that such right should be accorded a preference or immunity from the conditions precedent applicable to every other litigant, except perhaps an action asserted directly by the United States and its agencies. For the reasons stated, we adhere to the view expressed in our previous opinion. We think the trial court erred in directing a verdict as to the part of the claim rejected in writing.

*Judgment affirmed as to $751.36, and reversed as to the balance, with costs.*