**Susan Perrin BLAGROVE and Jesse Blagrove, Appellants (Plaintiffs),**

v.

**JB MECHANICAL, INC., Appellee (Defendant).**

No. 96–192.

Supreme Court of Wyoming.

April 9, 1997.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellants Susan and Jesse Blagrove (Blagroves) sued to recover damages for mental anguish they allege they suffered when flooding from a failed plumbing connection seriously damaged their new home and destroyed personal possessions. Appellee JB Mechanical, Inc., the plumbing contractor, moved for summary judgment asserting that mental anguish was not compensable for negligence which caused property damage. On this basis, the district court granted partial summary judgment to JB Mechanical and the Blagroves appeal.

We affirm the district court's ruling.

### ISSUES

The Blagroves present the following issues for our review:

I. Where the negligence of a party causes substantial destruction to the home and accumulated possessions of the victims, may damages for emotional distress be recovered for the mental anguish associated with the destruction of the home and its contents?

II. Does W.S. § 1–1–109(a)(v) authorize claims for emotional distress damages in a negligence action in which the fault of an actor caused an injury to property?

JB Mechanical states the issues as:

I. Whether emotional distress damages are recoverable in the absence of any physical injury to either party and where the only damage is to appellants' property.

II. Whether Wyoming's Comparative Fault Statute, W.S. § 1–1–109(a)(v) intended to permit recovery for emotional distress for property damage alone.

Robert W. Horn and Vonde M. Smith of Robert W. Horn, P.C., Jackson, for appellants.

Stephen K. Gerdes and Sherri L. Sweers of White and Steele, P.C., Denver, CO, for appellee.

### FACTS

Shortly before they were to be married in December of 1994, the Blagroves moved possessions into the home they had begun building in May of 1994 in the Hoback Ranches area of Sublette County, Wyoming. The

couple viewed it as their dream home and had involved the help of their families as they built it together. The couple planned to move in immediately after their December 28th wedding.

In November, they hired JB Mechanical, a plumbing contractor, to hook up the hot and cold water and provide a drain line to the bath tub. After the installation was completed, Jesse Blagrove returned to the home and discovered that the hot water plumbing connection had failed, resulting in the flooding of the home for a period of time and causing catastrophic damage to the structure and the interior of the home. Water had spread throughout the home and collected in the basement, destroying many personal, irreplaceable possessions including mementos, pictures and videos of friends and family, some of whom are deceased, family recipes, and letters, cards, and notes from friends and relatives. The Blagroves did move into their home after the wedding but endured cracked windows, buckled walls, places where the plywood floor showed, extensive delamination to the exterior of the home, ruined sheet rock and wallpaper, and soaked furniture. The couple had difficulty adjusting to the destruction they faced and Susan has experienced extreme stress in the aftermath of the destruction and suffered emotionally over the loss of their possessions.

The Blagroves allege that the plumber failed to adequately support the run of pipe when hooking up the water lines and movement of the pipes under water pressure caused the joints to fail. They filed suit for negligence and listed mental suffering as part of the damages they had incurred. JB Mechanical denied it was negligent and moved for partial summary judgment asserting that the emotional distress claims could not be brought because the Blagroves had not been physically injured in the flood and the damage which gave rise to their emotional distress was damage to property alone. The district court agreed that emotional distress damages caused by property damage could not be recovered and granted partial summary judgment. This appeal followed.

## DISCUSSION

The Blagroves contend that the analysis of *Daily v. Bone*, 906 P.2d 1039 (Wyo.1995), leads to the conclusion that emotional damages are recoverable for property damage without accompanying physical injury. They claim that *Daily* recognized that mental anguish damages are available where a plaintiff shows the existence of a completed tort, namely, negligence. *Daily*, 906 P.2d at 1044. JB Mechanical contends that *Daily* did not overrule the longstanding rule that mental anguish damages are generally not available when the injury is to property alone. The issue whether mental anguish damages caused by property damage alone are compensable presents a question of law.

### Standard of Review

Summary judgment is proper when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 517–518 (Wyo. 1994). Summary judgment serves the purpose of eliminating formal trials where only questions of law are involved. *England v. Simmons*, 728 P.2d 1137, 1141 (Wyo.1986). We review a grant of summary judgment deciding a question of law *de novo* and afford no deference to the district court's ruling. *Sammons v. American Auto. Ass'n*, 912 P.2d 1103, 1105 (Wyo.1996).

### Emotional Distress Damages for Negligence

In Wyoming, our decisions have restricted recovery for emotional distress damages without accompanying physical injury. *Gates v. Richardson*, 719 P.2d 193, 195 (Wyo. 1986). We have recognized the torts of intentional and negligently inflicted emotional distress but their application is narrowly construed to allow recovery for emotional distress only under limited circumstances. *Gates*, 719 P.2d at 195; *Leithead v. American Colloid Co.*, 721 P.2d 1059, 1066 (Wyo. 1986). We have permitted recovery for emotional distress as an element of damages in certain underlying actions: 1) some intentional torts, *Waters v. Brand*, 497 P.2d 875, 877–878 (Wyo.1972) (false imprisonment); *Cates v. Eddy*, 669 P.2d 912, 921 (Wyo.1983)

(malicious prosecution); 2) violation of certain constitutional rights, *Town of Upton v. Whisler*, 824 P.2d 545, 549 (Wyo.1992); and 3) breach of the covenant of good faith and fair dealing, *State Farm Mutual Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 833 (Wyo.1994). Outside of these few instances, we have adhered to the general concept that negligence permits recovery for personal injury or property damage but usually will not result in liability for emotional distress. *Gates*, 719 P.2d at 195; *Payton v. Abbott Labs*, 386 Mass. 540, 437 N.E.2d 171, 178 (1982); W. PAGE KEETON ET AL., PROSSER AND KEETON ON TORTS § 54, at 359–60 (5th ed.1984) (few courts permit compensation for negligence which causes fright, shock, or mental disturbance). In a negligence action for personal injury, Wyoming permits recovery for emotional distress accompanying physical injury, but has not yet answered whether emotional distress damages are compensable where the defendant negligently damages or destroys real property.

■ The Blagroves contend that *Daily* provides authority for permitting recovery of their emotional distress damages under a negligence theory. In *Daily*, Bone drove his snowmobile through a stop sign onto a major highway causing a collision with Daily's vehicle and killing Bone. *Daily*, 906 P.2d at 1042. Daily was not physically injured but her witnessing Bone's impact and death caused her mental suffering of post traumatic stress disorder, depression, and agoraphobia. *Id.* Daily sued Bone's estate for emotional distress caused by Bone's negligence and we decided that, under the circumstances of the case, she was entitled to a trial to determine if Bone's negligence had caused her emotional distress damages. *Id.* at 1044.

*Daily* is not helpful to the Blagroves because it has the limited scope of allowing recovery for mental injury absent physical injury in an automobile collision case. Under the general rule, if Daily had been physically injured in the automobile collision she could have recovered damages for pain and suffering associated with her physical injuries and she could have recovered for the emotional distress of witnessing Bone's death. *Id.* at 1043. But because the general rule linked

physical injury to an emotional distress claim, that rule would not permit Daily to recover for the emotional distress of witnessing Bone's death if she was not physically injured in the collision. *Id.* We determined that the absence of a physical injury should not prevent her from recovering for her mental injury under a negligence theory. She alleged sufficient facts to create a question for the jury and we remanded it for trial. *Id.* at 1044. Our decision in *Daily* resulted from the particular facts involved, did not generally establish that a claim for negligence alleging only mental injury had been recognized in Wyoming, and does not provide an analysis which would extend its result to a property damage situation.

■ Emotional distress is not usually recoverable as an element of property damages unless an improper motive is involved. *Valley Development Co. v. Weeks*, 147 Colo. 591, 364 P.2d 730, 733 (1961); *see Towns v. Anderson*, 39 Colo.App. 332, 567 P.2d 814, 815 (1977), *reversed on other grounds*, 195 Colo. 517, 579 P.2d 1163 (1978). It is generally agreed that mere sorrow, anger, worry and fear are not compensable and recovery for more serious emotional distress is restricted because of the burden for the judicial system and defendants. The likelihood that courts will be burdened with either fraudulent claims or those of a temporary or trivial nature, and the perceived unfairness of imposing heavy and disproportionate financial burdens upon a defendant, whose conduct was only negligent, for consequences which appear remote from the wrongful deed usually act to restrict recovery. *Rodrigues v. State*, 52 Haw. 156, 472 P.2d 509, 519 (1970); KEETON, *supra* § 54 at 360–61.

■ In deciding whether the plaintiff's interests are entitled to legal protection against the defendant's conduct, we must balance the interest of the injured parties against the view that a negligent act should have some end to its legal consequences. *Gates*, 719 P.2d at 196. We are persuaded that the concerns which have acted to prevent recovery for emotional distress when property is damaged remain relevant and weigh against permitting recovery. While we do not doubt that the Blagroves were

justifiably and seriously distressed over the damage to the home they had built together with their families, adopting a rule allowing trial on the issue and recovery if proved would result in unacceptable burdens for both the judicial system and defendants. We therefore hold that emotional distress damages in connection with property damages are not compensable.

*Intent of the Comparative Fault Statute*

█ The Blagroves contend that the Wyoming Comparative Fault Statute, WYO. STAT. § 1–1–109(a)(v), evidences an intent by the legislature that emotional distress damages should be considered by the jury in relation to injury to property. The relevant part of section (a) of the statute provides:

(a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence of the said person is not more than fifty percent (50%) of the total fault. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

WYO. STAT. § 1–1–109(a) (1988). This section was later expanded to include definitions of various terms. Section (v) defines "injury to person or property" as:

(v) "Injury to person or property," in addition to bodily injury, includes, **without limitation**, loss of enjoyment of life, **emotional distress**, pain and suffering, disfig-

urement, physical or mental disability, loss of earnings or income, damage to reputation, loss of consortium, loss of profits **and all other such claims and causes of action arising out of the fault of an actor;**....

WYO. STAT. § 1–1–109(a)(v) (Cum.Supp.1996) (emphasis added). The Blagroves do not provide us with an argument explaining in what way the definition of this term evidences an intent to permit emotional distress damages in connection with an injury to property. We have said that absent an express intent by the legislature to abrogate a common law rule limiting recovery, we will find no such intent by the legislature. *Eiselein v. K–Mart,* 868 P.2d 893, 896 (Wyo. 1994). That ruling applies here and we do not find an intent by the legislature to permit emotional distress damages in this case.

## CONCLUSION

Wyoming will adhere to the general rule that emotional distress damages in connection with property damage are not compensable. We do not find an intent by the legislature to change that general rule and permit emotional distress damages for property damage. The district court's order granting partial summary judgment is affirmed.