2001 WY 33

William N. BEAULIEU, and April D. Beaulieu, and William N. Beaulieu and April D. Beaulieu, as Parents and Natural Guardians of Minor Children Cheyenne Rochelle Beaulieu and Skilar Jonea Beaulieu, Appellants (Plaintiffs),

v.

Bruce A. FLORQUIST, and the City of Rawlins, Appellees (Defendants).

No. 00–11.

Supreme Court of Wyoming.

March 30, 2001.

Representing Appellants: Walter Urbigkit of Frontier Law Center, Cheyenne, WY.

Representing Appellees: Loyd E. Smith of Murane & Bostwick, LLC, Cheyenne, WY.

Before LEHMAN,* C.J., and GOLDEN and HILL, JJ., and O'BRIEN, District Judge.

LEHMAN, Chief Justice.

[¶ 1]   The automobile in which appellant Beaulieu and his family were riding was struck by appellee Florquist, an employee of the City of Rawlins.   In the months following the accident, two notice of claims on behalf of Beaulieu were submitted to the City of Rawlins pursuant to the requirements of the Governmental Claims Act, and suit was ultimately filed.   The City of Rawlins eventually interposed the statute of limitations, Wyo.Stat.Ann.  § 1–39–114,  which would bar this action unless it was commenced within one year of the date the claim was filed.   While the complaint was filed within one year from the filing of the second claim, it was filed beyond one year from the first claim.

[¶ 2]   Summary judgment was entered by the district court because suit by Beaulieu was not filed against the City of Rawlins within one year of the filing of the first notice of claim.   That determination was predicated upon the finding that the first notice of claim filed with the City of Rawlins by the appellant satisfied the requirements of Wyo. Const. art. 16, § 7. We disagree, reverse the summary judgment, and remand.

## ISSUES

[¶ 3]   This statement of the issues is found in the Brief of Appellants:

(1) Legal sufficiency of the affidavit filed by Movant Defendants/Appellee within the criteria of Wyo. R. Civ. Pro. 56(e) as admissible evidence to create a prima facie

---

* This case was originally assigned to Justice Thomas on July 6, 2000

case for entry of summary judgment pursuant to Wyo. R. Civ. Pro. 56(c)?

(2) Whether the Court committed error in granting summary judgment where the record provided for review by the Court demonstrated genuine issues of contested material fact?

(3) Insufficiency of claimed notice document or its filing procedure to start the statute of limitations period provided by Wyo. Stat. Ann. § 1–39–114 (LEXIS 1999) for all parties and all issues included in Appellants' Complaint involving as:

(a) Not filed with the required governmental office for claim sufficiency;

(b) Not provide detailed itemization or amount claimed except for a non-involved car repair payment;

(c) Not signed;

(d) Not include, as named claimants, more than the one party who made no claim for himself except a car repair as a paid claim;

(e) Not include a designation of the party against whom the claim is made;

(f) Not rejected by the governmental body, if a claim was made, so that the time limitation never started pursuant to Wyo. Stat. Ann. § 1–39–114 Ann. (LEXIS 1999);

(g) Further, on the record presented, the only intended use of the form * * * was to report the course of damage events to get car repair reimbursement for Allstate, Appellants' insurance company which actually then paid the collision damage.

(4) Whether as a general standard of law there are two rules for deficiency or sufficiency of a governmental claim under Wyo. Stat. Ann. § 1–39–113 (LEXIS 1999) and Wyo. Stat. Ann. § 1–39–114 (LEXIS 1999). One standard would be applied to the governmental claim to support recovery and a different less demanding standard would apply to the statute of limitations for filing suit within the one year prescribed time of Wyo. Stat. Ann. § 1–39–114 (LEXIS 1999), creating an alternative presumption against the injured claimant in either case.

This Statement of Issues is found in the Brief of Appellees:

1. Whether the District Court correctly determined that there were no genuine issues of material fact and that Defendants were entitled to summary judgment as a matter of law?

a. Whether Defendants satisfied their initial burden as moving party to demonstrate the lack of any genuine issue of material fact and their right to summary judgment as a matter of law?

b. Whether Plaintiffs came forth with evidence demonstrating a genuine issue of material fact which would preclude summary judgment?

c. Whether the trial court correctly determined that Plaintiffs' December 1996 "Notice of Claim" started the clock running on the statute of limitations contained in the Governmental Claims Act, W.S. § 1–39–114?

2. Whether Plaintiffs are barred from raising issues on appeal not presented to the trial court?

### FACTS

[¶ 4] On December 19, 1996, Bruce Florquist, in the course of his employment by the City of Rawlins (Rawlins), was driving a pick-up truck owned by Rawlins which was equipped with a snowplow. Florquist struck the Beaulieu vehicle when that vehicle was properly pausing at a stop sign on a city street. William N. Beaulieu, April D. Beaulieu, his wife, and Cheyenne Rochelle Beaulieu were in the Beaulieu vehicle. Within seven days of the collision, a "Notice of Claim," was discovered in the office of the Rawlins city attorney. The document asserted property damage to the Beaulieu vehicle in the amount of $2,839.44 and medical damages for his wife, his unborn son, and his daughter in unspecified amounts.

[¶ 5] The record does not inform us as to when, by whom, or to whom the "Notice of Claim" form was presented. Rawlins and Florquist profess no knowledge of these events, but they rely upon the "Notice of Claim" in asserting the statutory one-year limitation for filing suit. All the record can support is that the "Notice of Claim" appeared on the desk of a secretary in the city

attorney's office who forwarded it to the local government self-insurance pool on December 26, 1996. The "Notice of Claim" was neither signed nor verified by Mr. Beaulieu, who declared by his affidavit that he did not prepare it nor did he or any member of his family furnish it to Rawlins. Instead, he speculated that it was provided by his insurance carrier to be reimbursed for its payment to him of the damages to his vehicle.

[¶ 6] Late in April of 1997, an adjuster employed by the local government self-insurance pool forwarded an offer of settlement to William Beaulieu in the total amount of $11,300.00, which was intended to resolve the property damage and medical claims. William Beaulieu then retained counsel who filed a second claim on behalf of the Beaulieus with the City Clerk of Rawlins on June 29, 1998. There was no response by Rawlins to the second claim, and the Beaulieus filed their action against Florquist and Rawlins on June 14, 1999.

[¶ 7] Florquist and Rawlins filed answers to the complaint, and Rawlins then filed a motion for summary judgment, supported by memorandum and an affidavit, by which it asserted that the "Notice of Claim" that materialized in December of 1996 was a valid and proper claim, and the action was filed more than two years after the claim. Rawlins asserted that, since the complaint was filed more than two years after that claim was presented, the action was barred by Wyo. Stat. Ann. § 1–39–114 (LEXIS 1999). The district court then granted a summary judgment in favor of Florquist and Rawlins, ruling that the action was time barred. The Beaulieus' appeal is from the Order Granting Summary Judgment.

### STANDARD OF REVIEW

[¶ 8] An accurate summary of our jurisprudential function in reviewing summary judgments is found in *Unicorn Drilling, Inc. v. Heart Mountain Irrigation Dist.,* 3 P.3d 857, 860 (Wyo.2000):

> Recently, we summarized our review function in cases involving summary judgments in this way:
>
> > Summary judgment is proper only when there are no genuine issues of

material fact and the prevailing party is entitled to judgment as a matter of law. *Mountain Cement Co. v. Johnson,* 884 P.2d 30, 32 (Wyo.1994); W.R.C.P. 56(c). We review a summary judgment in the same light as the district court, using the same materials and following the same standards. "We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record." *Four Nines Gold, Inc. v. 71 Constr., Inc.,* 809 P.2d 236, 238 (Wyo.1991). Summary judgment serves the purpose of eliminating formal trials where only questions of law are involved. *Blagrove v. JB Mechanical, Inc.,* 934 P.2d 1273, 1275 (Wyo. 1997); *England v. Simmons,* 728 P.2d 1137, 1141 (Wyo.1986). We review a grant of summary judgment by deciding a question of law de novo and afford no deference to the district court's ruling on that question. *Sammons v. American Auto. Ass'n,* 912 P.2d 1103, 1105 (Wyo. 1996); *Blagrove,* 934 P.2d at 1275.

*Gray v. Norwest Bank Wyoming, N.A.,* 984 P.2d 1088, 1091 (Wyo.1999). A material fact is any fact that, if proved, would have the effect of establishing or refuting an essential element of a claim or defense asserted by a party. *Century Ready–Mix Co. v. Campbell County School Dist.,* 816 P.2d 795, 799 (Wyo.1991).

### DISCUSSION

[¶ 9] In addressing the appeal from the Order Granting Summary Judgment, we first must consider an anomaly in the record. The decision letter of the district court is dated October 13, 1999, and the Order Granting Summary Judgment was entered on October 25, 1999. On November 3, 1999, the Beaulieus filed discovery materials in accordance with W.R.C.P. 5(d). Nothing in the record indicates that these materials were presented to or considered by the district court in connection with the Motion for Summary Judgment. The Beaulieus, however,

have referred to those materials in their Brief of Appellant in this court.

[¶ 10]   We have said:

When we review a grant of summary judgment, we examine the case in the same manner as the trial court did, and we treat the motion as if it were originally before us, using the identical materials and information that were presented to the trial court. *Pekas v. Thompson,* 903 P.2d 532, 535 (Wyo.1995). The rule is that a party on appeal " 'may only refer to the record as it existed at the time the trial court ruled, outline the arguments made at that time, and explain why the trial court erred in granting summary judgment.' " *Id.* (quoting *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.,* 226 Ill.App.3d 507, 168 Ill.Dec. 634, 589 N.E.2d 1034, 1036 (1992).)

*Richardson v. Hardin,* 5 P.3d 793, 798 (Wyo. 2000). In resolving this case, we are foreclosed from considering the materials that were filed after the decision by the district court.

[¶ 11]   The invocation of those materials is not particularly troublesome in this case because they are referred to for background information and are not material to this court's decision. That might not be true in every instance, however, and for the edification of the bench and the bar, we adopt a bright line rule. When discovery materials are filed after the date of a hearing or ruling on any subject, we will not consider them as part of "the record as it existed at the time the trial court ruled" unless the transcript, the decision letter, or the order specifically refers to the discovery materials that are included in the transmitted record. If such a reference is missing, it will be presumed that they were not before the trial court for purposes of the hearing or ruling, and their use will not be permitted in this court.

[¶ 12]   We turn to the issues raised by the briefs and arguments. While not emphasized in the Beaulieus' statement of the issues, argument is presented that the "Notice of Claim" to trigger the one-year statute of limitations for filing suit is insufficient because it does not satisfy the requirements of Wyo. Const. art. 16, § 7. We are not confronted by the waiver for failure to raise the argument in the district court, which we held to be dispositive of the issue in *Martinez v. City of Cheyenne,* 791 P.2d 949, 958 (Wyo. 1990). We said in that case:

This particular contention by the State is raised for the first time in this appeal. The point was never argued to the district court. The State agrees that this is true, but it contends that an omission of the correct certification results in a failure of subject matter jurisdiction, and the issue can be raised at any time in the proceeding. We do not agree with this contention. The failure to verify or certify as the constitution now reads is nothing more than a defect or an irregularity that is not jurisdictional. *In re Bear River Irrigation District,* 51 Wyo. 343, 65 P.2d 686 (1937). The effect of that decision is that this alleged defect is not jurisdictional and, for that reason, the defense cannot be raised for the first time on appeal. *Matter of Estate of McCue,* 776 P.2d 742 (Wyo.1989); *Ricci v. New Hampshire Insurance Company,* 721 P.2d 1081 (Wyo.1986); *Dennis v. Dennis,* 675 P.2d 265 (Wyo.1984); *Nickelson v. People,* 607 P.2d 904 (Wyo.1980); *Scherling v. Kilgore,* 599 P.2d 1352 (Wyo. 1979). We apply our well-established rule concerning those issues raised for the first time on appeal, and we reject this contention by the State.

[¶ 13]   It never has been questioned that a claim against the State must comply with the requirements of Wyo. Const. art. 16, § 7. *Awe v. University of Wyoming* 534 P.2d 97, 100 (Wyo.1975) (*overruled on other grounds by Dye v. Fremont County Sch. Dist. No. 24,* 820 P.2d 982 (Wyo.1991)). *See Campbell County Sch. Dist. v. Catchpole,* 6 P.3d 1275, 1281 (Wyo.2000); *State Highway Dep't v. Napolitano,* 578 P.2d 1342, 1345 (Wyo.1978); *Price v. State Highway Comm'n,* 62 Wyo. 385, 396, 167 P.2d 309, 312 (1946); *Utah Constr. Co. v. State Highway Comm'n,* 45 Wyo. 403, 422–25, 19 P.2d 951, 954–55 (1933). The necessity for the filing of a claim appears to have been the assumption of the court in *Town Council of Town of Hudson v. Ladd,* 37 Wyo. 419, 427–31, 263 P. 703, 706–07 (1928).

[¶ 14] While the court has ruled that the execution requirements of art. 16, § 7 can be waived by failing to assert the issue in the trial court, it has not held that the requirement of filing or presenting the claim is subject to waiver. Instead, we have treated the allegation of the filing of a claim as jurisdictional. *Garnett v. Brock*, 2 P.3d 558, 561 (Wyo.2000); *Board of Trustees of University of Wyoming v. Bell*, 662 P.2d 410, 414 (Wyo.1983). Further, the court has required that the date of the claim be alleged with specificity in order that the district court may be satisfied that the requirement of the governmental claims statute have been satisfied, both with respect to the timely filing of the claim (Wyo. Stat. Ann. § 1–39–113 (LEXIS 1999)) and the timely filing of the action (Wyo. Stat. Ann. § 1–39–114 (LEXIS 1999)). *Routh v. State, ex rel. Workers' Compensation Div.*, 952 P.2d 1108, 1117 (Wyo.1998); *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 771 (Wyo.1993).

[¶ 15] In this case, there having been no waiver of the question by failing to present it to the trial court, we must address any necessity to comply with the requirements of the Constitution of the State of Wyoming. The constitution demands:

> No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.

Wyo. Const. art. 16, § 7. The requirement is clear that an itemized statement in writing is to be filed, which is certified under penalty of perjury. Such a statement must be signed by the claimant or the charge of perjury could not lie. In addition, it is to be filed with the officer or officers charged with the duty to audit the claim.

[¶ 16] It is well established that a municipality is included in the term "political subdivision." In *Witzenburger v. State ex rel. Wyoming Community Dev. Authority,* 575 P.2d 1100, 1113 (Wyo.1978), this court dealt with the question of whether the Wyoming Community Development Authority is a "political subdivision," and said:

> The constitutional examples of counties, towns and school districts are ones that have the distinctive badges of a political subdivision. Each has a geographic area smaller than the state, each is organized with officers elected by its inhabitants to carry on a governmental function, having a local purpose and provision is made for the levy and assessment of taxes to finance those purposes.

[¶ 17] We hold that the City of Rawlins is a political subdivision to which the requirements of art. 16, § 7 are applicable. A valid claim against such a municipality must be in writing and certified under penalty of perjury, which means it must be signed. Further, it must be presented to the officer or officers charged with the duty of auditing it. Such claims are subject to the same rules that have been established with respect to claims against the State. In any action against the municipality, it is necessary to allege with specificity that the claim was filed and the date it was filed. Obviously the document upon which the City of Rawlins relies in this case fails to satisfy those criteria.

[¶ 18] We emphasize that, because of the jurisdictional impact of establishing for purposes of pleading the date of the claim and its appropriate certification, such matters should never be treated casually or haphazardly. Not only does it behoove a claimant to be sure that the submission of the claim will permit an appropriate allegation in a civil complaint, but, by the same token, the governmental entity should insure that any forms adopted for the purpose of submitting claims should be adequate to satisfy these requirements and that the date any claim is received should be clearly established. Furthermore, the appointment of the person charged with the auditing function should be memorialized in some official action of the governmental entity. At a minimum, such established procedures and criteria will satisfy the requirements of the constitution.

[¶ 19] The Order Granting Summary Judgment is reversed, and the case is remanded to the district court for further proceedings in accordance with this opinion.