FRANK MALISZEWSKI, Petitioner, v. THE HUMAN RIGHTS COMMIS-
SION *et al.*, Respondents.

Fifth District    No. 5—93—0145

Opinion filed February 2, 1995.

R. Dan Winnett, of Law Offices of H. Carl Runge, Jr., Ltd., of Collinsville, for petitioner.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for respondent Human Rights Commission.

Michael V. Accettura, of Department of Transportation, of Springfield, for respondent Department of Transportation.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Frank Maliszewski, an employee of respondent Illinois Department of Transportation (IDOT), appeals from an order of respondent Illinois Human Rights Commission (Commission) in which the Commission struck an unverified complaint filed directly with the Commission by petitioner. The issue that petitioner asks us to address is whether an unverified complaint which was filed within the 30-day window, pursuant to section 7A—102(G)(2) of the Illinois Human Rights Act (the Act) (775 ILCS 5/7A—102(G)(2) (West 1992)), and was amended on the 31st day by an identical verified complaint, vests the Commission with jurisdiction. We reverse and remand.

Petitioner filed a charge with the Department of Human Rights (Department) against IDOT, alleging physical-handicap discrimination, pursuant to the Act. (Ill. Rev. Stat. 1991, ch. 68, par. 1—101 *et seq.* (now 775 ILCS 5/1—101 *et seq.* (West 1992)).) The Department failed to make a finding within 300 days after the charge was filed, thus opening a 30-day window of opportunity under which petitioner was free to file his own complaint with the Commission. (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(G)(2) (now 775 ILCS 5/7A—102(G)(2) (West 1992)).) On the 30th day, June 17, 1992, petitioner filed a complaint with the Commission. This complaint was signed by petitioner's attorney but was not verified as required by section 7A—102(F) of the Act. (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(F) (now 775 ILCS 5/7A—102(F) (West 1992)).) The following day, June 18, 1992, petitioner filed a motion for leave to amend his complaint and attached thereto a verified complaint. The motion for leave to amend stated:

> "That due to time constraints and difficulty in contacting Complainant, Complainant's attorney filed aforesaid Complaint without including therein Complainant's sworn verification."

On September 22, 1992, an administrative law judge recommended that the Commission dismiss the complaint for lack of jurisdiction.

On October 23, 1992, petitioner filed exceptions to this recommendation. On February 8, 1993, the Commission struck the complaint, notified the Department that a proper complaint had not been filed with the Commission, and indicated that the Department should continue to process the charge. A ruling on the merits has not been issued. On March 5, 1993, petitioner filed a petition for review with this court.

Petitioner contends that the Commission should assert jurisdiction in the present situation where an unverified complaint was filed within the 30-day window and was amended on the 31st day by an identical verified complaint because to allow the Commission to strike the complaint for lack of jurisdiction violates sound public policy, as well as precedent and procedural practices. Respondents claim that a plain reading of the statute requires as a jurisdictional prerequisite that a verified complaint be filed within the 30-day window. Respondents claim that because petitioner failed to comply with this jurisdictional prerequisite, the Commission had no authority to consider the controversy, and the dismissal of petitioner's complaint must be affirmed.

A review of certain sections of the Act will be beneficial in understanding this controversy. Section 7A—102(A) of the Act states that a person seeking relief from a civil rights violation shall file "a charge in writing under oath or affirmation" with the Department "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed." (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(A) (now 775 ILCS 5/7A—102(A) (West 1992)).) Section 7A—102 further provides that, upon receipt of the charge, the Department shall give notice to any respondent to a charge (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(B) (now 775 ILCS 5/7A—102(B) (West 1992))), investigate the allegations, hold a fact-finding conference (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(C) (now 775 ILCS 5/7A—102(C) (West 1992))), and report to the Director of the Department, who shall, within 300 days or such extension agreed upon by the parties, determine whether to file a complaint with the Commission (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(D) (now 775 ILCS 5/7A—102(D) (West 1992))). Section 7A—102(G)(2) of the Act authorizes the person making the charge to file a complaint with the Commission within 30 days of the expiration of the time for the Department to make that decision if the Department has not done so. (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(G)(2) (now 775 ILCS 5/7A—102(G)(2) (West 1992)).) Section 7A—102(G)(2) also provides that the form of the complaint shall be in accordance with the provisions of paragraph (F). Paragraph (F) provides that the written complaint prepared by the

Department must be verified by the complainant. Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(F)(1) (now 775 ILCS 5/7A—102(F)(1) (West 1992)).

The parties agree that the issue presented is one of first impression. While there are no cases which directly consider whether an unverified complaint filed within the 30-day window, but later amended by an identical verified complaint, vests the Commission with jurisdiction, there are cases which offer guidance. For example, in *Gonzalez v. Human Rights Comm'n* (1989), 179 Ill. App. 3d 362, 534 N.E.2d 544, an employee appealed from a decision of the Commission dismissing his retaliatory discharge complaint as being untimely filed. *Gonzalez* involved the 180-day period for filing charges with the Department. There, the employee filed an unverified charge within the 180-day period, specifically on the 176th day, but was misled by the Department as to the proper procedure for filing a verified charge. The *Gonzalez* court determined that the issue was not whether the 180-day filing period in section 7A—102(A)(1) is jurisdictional or a statute of limitations. (*Gonzalez*, 179 Ill. App. 3d at 368, 534 N.E.2d at 547.) Instead, the *Gonzalez* court found that the dispositive issue was much more narrow, specifically:

> "Does the unperfected charge, timely filed, become a nullity if the oath is supplied after the 180-day period, or does the supplying of the oath 'relate back' to the original filing?" *Gonzalez*, 179 Ill. App. 3d at 369, 534 N.E.2d at 548.

The *Gonzalez* court allowed a verified charge filed outside the 180-day period to relate back to the initial, unverified charge.

> "We do not suggest that the oath requirement is a technicality in the sense that it need never be supplied or that it is an insignificant part of the charge. Requiring a claimant to make his allegations under oath may minimize frivolous filings. However, the Department's own rules permit the filing of charges without notarization and permit liberal amendment to cure technical omissions. Since Gonzalez filed his unperfected CIS form within the 180-day period, it was not in fact untimely because the subsequent filing of the oath or affirmation 'relates back' to the initial filing." *Gonzalez*, 179 Ill. App. 3d at 370, 534 N.E.2d at 548.

See also *Phelps v. Human Rights Comm'n* (1989), 185 Ill. App. 3d 96, 540 N.E.2d 1147.

In the instant case, petitioner's attorney filed his complaint with the Commission on the 330th day after the original, verified charge was filed. On the 331st day, petitioner moved to amend and offered an identical, but verified, complaint. Petitioner, through his attorney, was clearly following the rules, and respondent, IDOT, petitioner's employer, was well aware of the charges of handicap discrimination filed by petitioner. As in *Gonzalez*, no facts can be presented here

that petitioner intended to abandon his claim. Petitioner's attorney filed a complaint with the Commission on the 30th day, without petitioner's sworn verification "due to time constraints and difficulty in contacting [petitioner]." However, the very next day, petitioner's attorney offered an identical, verified complaint. We believe that a liberal amendment policy is appropriate as long as the original complaint is filed within the 30-day window.

The Commission argues that *Gonzalez* is distinguishable because here there are no charges that the Commission misled petitioner into relinquishing his rights. The Commission also suggests that *Gonzalez* is distinguishable because here, regardless of our determination, petitioner's right to adjudicate his discrimination claim would not terminate upon his failure to file a verified complaint. Even though complainant fails to exercise his right to file a complaint directly with the Commission during the 30-day period, the Department retains the authority to file a complaint upon his behalf. (*Wildwood Industries v. Human Rights Comm'n* (1991), 220 Ill. App. 3d 12, 580 N.E.2d 172; *Pace v. Human Rights Comm'n* (1989), 187 Ill. App. 3d 16, 542 N.E.2d 1277.) Notwithstanding these differences between *Gonzalez* and the instant case, and cases calling into doubt the holding in *Gonzalez* (see, *e.g.*, *Robinson v. Human Rights Comm'n* (1990), 201 Ill. App. 3d 722, 559 N.E.2d 229 (in which the requirement under the Act that a charge of a violation of the Act be filed within 180 days after the date of the alleged violation was found to be jurisdictional)), we are convinced that the amended complaint "relates back" to the original complaint filed within the 30-day window of opportunity provided by section 7A—102(G)(2) of the Act. Ill. Rev. Stat. 1991, ch. 68, par. 7A—102(G)(2) (now 775 ILCS 5/7A—102(G)(2) (West 1992)).

The situation in the instant case is analogous to the consistent construction of section 2—616 of the Civil Practice Act (735 ILCS 5/2—616 (West 1992)) concerning relation back of amendments to pleadings. The courts have liberally construed this section and its predecessors as a remedial statute, noting that its ends are served and justice is done when a cause is heard on its merits, while assuring that a defendant was sufficiently apprised of the incident so that defense was realistically possible and no prejudice would ensue. In *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342, for example, our supreme court noted that the Illinois courts are liberal in allowing amendments to pleadings that relate back after the statute of limitations has run, and the court traced the history of section 2—616. (See also *Sompolski v. Miller* (1992), 239 Ill. App. 3d 1087, 608 N.E.2d 54, *appeal denied* (1993), 149 Ill. 2d 661, 612 N.E.2d 524

(section 2—616 concerning relation back of amendments should be liberally construed); *Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 458 N.E.2d 530 (since section 2—616 is remedial, it should be liberally construed).) In a situation quite similar to the instant case, our supreme court in *Graves v. Needham* (1942), 379 Ill. 25, 39 N.E.2d 321, held that while a statement verified by affidavit was jurisdictional in an election challenge, it allowed an amendment curing a defective verification to relate back to the original petition, which had been timely filed, citing the predecessor statute of section 2—616, section 46 of the Civil Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 170).

The General Assembly has determined that the public policy of this State is to assure freedom from discrimination because of a physical handicap. (Ill. Rev. Stat. 1991, ch. 68, par. 1—102(A) (now 775 ILCS 5/1—102(A) (West 1992)).) To limit petitioner's remedies because of a purely technical defect, corrected expeditiously one day later, would be an erroneous application of a remedial statute. Here, the verified complaint was identical to the unverified complaint filed the previous day. Accordingly, we hold that petitioner's complaint to the Commission was timely filed.

For the foregoing reasons, the order of the Illinois Human Rights Commission is reversed, and the cause is remanded for proceedings on the merits.

Reversed and remanded.

MAAG, P.J., and CHAPMAN, J., concur.