2004 WY 153

Terry BELL, Appellant (Plaintiff),

v.

Chris J. SCHELL, state trooper for the Wyoming State Highway Patrol; Dave Ferguson, Northern Zone Commander for the Wyoming State Highway Patrol; Gary Marsden, Operations Commander for the Wyoming State Highway Patrol; and John Cox, Administrator for the Wyoming State Highway Patrol, Appellees (Defendants).

Anita Clark, Appellant (Plaintiff),

v.

Quince Olsen and The State of Wyoming, Department of Agriculture, Appellees (Defendants).

Nos. 03–241, 04–1.

Supreme Court of Wyoming.

Dec. 2, 2004.

Representing Appellant Terry Bell in Case No. 03–241: John H. Robinson of Jamieson & Robinson, LLC, Casper, Wyoming.

Representing Appellant Anita Clark in Case No. 04–1: Todd Hambrick and Stephanie Hambrick of Krampner, Fuller & Hambrick, Casper, Wyoming.

Representing Appellees in Case No. 03–241: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; and Craig E. Kirkwood, Senior Assistant Attorney General, Cheyenne, Wyoming.

Representing Appellees in Case No. 04–1: Patrick J. Crank, Attorney General, John W. Renneisen, Deputy Attorney General; and Misha E. Westby, Senior Assistant Attorney General, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] These unrelated cases were consolidated for argument on appeal because they involve the same legal issue: the require-

ments for a valid notice of claim under the Wyoming Governmental Claims Act (the WGCA). In both cases, we affirm the granting of summary judgment to the defendants.

### FACTS

#### Case No. 03–241

[¶ 2] On September 22, 2000, Terry Bell (Bell) was involved in the third of a series of car accidents caused by poor weather conditions. Bell was asked by a responding Wyoming state trooper to sit in a patrol vehicle at the scene. The patrol vehicle was subsequently struck by another oncoming vehicle, causing the injuries claimed by Bell in this case.

[¶ 3] On November 20, 2001, Bell presented to the State a notice of claim seeking compensation as a result of the collision. The claim was denied and Bell filed suit in federal district court. That suit was later dismissed without prejudice and, on March 20, 2003, Bell filed a complaint in state district court.

[¶ 4] In their answer to the latter complaint, the State alleged that Bell's notice of claim failed to comply with Wyo. Const. art. 16, § 7 and, therefore, failed to comply with the WGCA. The State also filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. The gravamen of the State's argument was that the notice of claim was not signed by Bell, but by his attorney, and it was not certified under penalty of perjury. The district court heard and begrudgingly granted the State's motion:

> While this judge has some significant reservations concerning the legal analysis supporting the *Beaulieu* [*v. Florquist,* 2001 WY 33, ¶¶ 15, 17, 20 P.3d 521, 527 (Wyo. 2001)] ruling, it appears that the mandates of that decision are clear. Applying those mandates to the matter at hand, it is necessary to conclude that the initial claim submitted on behalf of Bell does not comply with the requirements that it be signed by the claimant, and that it be certified under penalty of perjury.

The district court refers to the "initial" claim because, on December 7, 2002, while the matter was pending in federal court, Bell

presented and served on the State a document entitled "Certification Under Wyo. Const. Art. 16 § 7," in which he certified to the truth and accuracy of the notice of claim, under penalty of perjury, and certified that his attorney signed the notice of claim with Bell's knowledge and authority.

#### Case No. 04–1

[¶ 5] On June 3, 1999, Anita Clark (Clark) was driving a vehicle that collided with a vehicle being driven by Quince Olsen, an employee of the State Department of Agriculture. On May 10, 2001, Clark presented to the State a notice of claim based upon the accident. Upon receiving no response to the notice of claim, Clark filed a complaint in state district court on May 1, 2002.

[¶ 6] The State responded to Clark's complaint by filing a motion to dismiss for failure to state a claim upon which relief can be granted. The basis for the motion was the fact that the notice of claim was not certified under penalty of perjury, as required by the WGCA, by Wyo. Const. art. 16, § 7, and by *Beaulieu v. Florquist,* 2001 WY 33, ¶ 17, 20 P.3d 521, 527 (Wyo.2001) (*Beaulieu I* ). Clark then immediately filed in the district court a document entitled "Certification Under Wyo. Const. Art. 16 § 7," in which she certified under penalty of perjury that the notice of claim was true and accurate and that it had been signed by her attorney with her knowledge and authority. After a hearing, the district court denied the State's motion to dismiss. The district court's findings and conclusions were (1) it had subject matter jurisdiction; (2) the notice of claim contained all required information; and (3) based on *Martinez v. City of Cheyenne,* 791 P.2d 949 (Wyo.1990), *overruled by Beaulieu v. Florquist,* 2004 WY 31, 86 P.3d 863 (Wyo. 2004) (*Beaulieu II* ), Clark's failure to certify the initial notice of claim under penalty of perjury was not fatal to the claim.

[¶ 7] Following the district court's ruling on its motion to dismiss, the State answered the complaint and filed a motion for summary judgment. The motion for summary judgment asked the district court to look once again at *Beaulieu I* and to reconsider its conclusion that Clark's initial notice of

claim was valid. The State argued that *Beaulieu I* clearly mandated that, to be valid, a notice of claim must meet the requirements of both the WGCA and Wyo. Const. art. 16, § 7, meaning that Clark's initial notice of claim was not valid because it did not meet the constitutional signature and certification requirements. Further, the State contended that Clark's belated attempt to cure that defect failed because it was done after the statutory period for filing a notice of claim had expired. The district court agreed and granted summary judgment.

## ISSUES

[¶ 8] We will restate the issues as follows:

1. Were the initial notices of claim invalid because they were neither signed by the claimants nor certified under penalty of perjury?

2. If the initial notices of claim were invalid, was that invalidity overcome by application of Wyoming's savings statute?

3. If the initial notices of claim were invalid, was that invalidity cured by later signature by the claimant certified under penalty of perjury?

4. Should the State be equitably estopped from raising the constitutional signature and certification requirements as a defense?

5. Do the district court's rulings violate public policy?

## STANDARD OF REVIEW

[¶ 9] Our standard for reviewing summary judgments was set forth in *Beaulieu I*, 2001 WY 33, ¶¶ 8–10, 20 P.3d at 525–26, and need not be repeated herein.

## DISCUSSION

### Validity of the Initial Claims

■ [¶ 10] *Beaulieu I* did not create new law. Rather, *Beaulieu I* clarified that it has always been the law that governmental claims must meet the requirements not just of the WGCA, but also of Wyo. Const. art. 16, § 7. *Beaulieu I*, 2001 WY 33, ¶¶ 13, 15–17, 20 P.3d at 526–27. *See also Beaulieu II*, 2004 WY 31, ¶¶ 5–9, 86 P.3d at 865–66 and *Yoak v. Ide*, 2004 WY 32, ¶ 6, 86 P.3d 872, 874 (Wyo.2004). A claim that has not been signed by the claimant and certified under penalty of perjury is not a valid claim. Neither the Bell notice of claim nor the Clark notice of claim was valid, and the filing of an invalid claim is the same as the filing of no claim at all. That was the lesson of *Beaulieu I*.

■ [¶ 11] The direct effect of the holding in *Beaulieu I* was to save the plaintiffs' cause of action from a statute of limitations attack. This Court reversed the district court's application of the one-year period for filing an action based upon a governmental claim because no valid governmental claim had yet been presented. *Beaulieu I*, 2001 WY 33, ¶¶ 15–17, 20 P.3d at 527. Certainly, having said that a defendant may not rely upon an invalid claim—that is, one that has not met the constitutional signature and certification requirements—in arguing in favor of application of the one-year period of limitations found in Wyo. Stat. Ann. § 1–39–114 (LexisNexis 2003), we cannot now say that a plaintiff may, to the contrary, rely upon a similarly invalid claim in arguing that he or she has met the two-year period of limitations found in Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2003).[1] To repeat what we said

---

1. (a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

    (i) Not reasonably discoverable within a two (2) year period; or

    (ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

Wyo. Stat. Ann. § 1–39–113(a).

    Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113.

in *Beaulieu I, Beaulieu II,* and *Yoak,* no governmental claim has been presented[2] under the WGCA until a claim meeting the requirements of Wyo. Const. art. 16, § 7 has been presented.

### The Savings Statute

[¶ 12] It is difficult to address this issue because the parties' arguments in regard to it are "like ships passing in the night" and because the district court did not consider the savings statute in its decision in either case.[3] We will begin our discussion by reciting the statute:

> If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

Wyo. Stat. Ann. § 1–3–118 (LexisNexis 2003).

[¶ 13] In their answer to Bell's state district court complaint, the State defendants alleged that the complaint was untimely in that it had not been "commenced in accordance with" the savings statute. Bell's responsive motion to strike contended that his state court complaint was timely filed after his federal court complaint was dismissed. In his brief opposing the State's motion for summary judgment, Bell broadened his argument by contending that, even if the savings statute did not apply, the statute of limitations was tolled during the pendency of the federal case. In finding the claim presented

by Bell to be defective, the district court mentioned neither the savings statute nor Bell's tolling argument.

[¶ 14] Confusion begins to enter the picture in the parties' appellate briefs. Bell's principal brief restates his belief that his state court complaint was timely under the savings statute. The State's brief, however, treats the savings statute issue as one having to do with the timely presentation of a notice of claim, as opposed to the timely filing of a complaint. Beyond that, the State also contends that savings statutes do not apply to periods of limitation found in specialized statutes whose effect is to create a cause of action that did not exist at common law. Finally, in his reply brief, Bell points out that the savings statute played no part in the district court's decision, and he declines ever having "proposed that the savings statute extended to, or in any way affected his government claim."

[¶ 15] We conclude that resolving the savings statute issue is not necessary to resolving these appeals. As recognized by the district court, these cases rise and fall on the question of the validity of the notices of claim. If the claims were not valid, it does not matter whether the complaints were timely filed. Furthermore, Clark has not raised the issue at all, and Bell has not contended that the statute applies to the presentation of a notice of claim. We, therefore, will not further consider the matter.[4]

### Cure

■ [¶ 16] Wyo. Stat. Ann. § 1–39–113(a) requires that a claim be presented to the governmental entity within two years of the alleged act, error, or omission. Two years from the Bell accident was September 22, 2002. Two years from the Clark accident

---

Wyo. Stat. Ann. § 1–39–114.

2. Wyo. Stat. Ann. § 1–39–113(a) says "presented." Wyo. Stat. Ann. § 1–39–114 says "filed." We assume, having been shown nothing to the contrary, that the two words mean the same thing.

3. Bell, but not Clark, raised the savings statute both below and in this appeal.

4. For the proposition that savings statutes do not apply to presentation of the governmental claim,

as opposed to filing of the complaint, *see Awe v. University of Wyoming,* 534 P.2d 97, 105 (Wyo. 1975), *overruled on other grounds by Dye by Dye v. Fremont County School Dist. No. 24,* 820 P.2d 982 (Wyo.1991); *Capers v. Lee,* 239 Conn. 265, 684 A.2d 696, 700–01 (1996); *State v. Dixon,* 1996 OK 15, 912 P.2d 842, 844 (Okla.1996); 51 Am.Jur.2d, *Limitations of Actions,* §§ 273–276 (2000); and 54 C.J.S. *Limitations of Actions* §§ 240–242 (1987 & Cum.2004).

was June 3, 2001. No valid claim was timely presented in either case. Bell attempted to cure that deficiency on December 7, 2002, two-and-a-half months after the statutory period expired. Clark's similar effort on May 28, 2002, was nearly a full year late. Both Bell and Clark now want this Court to hold that their respective curative effort relates back to the date of presentment of the invalid notice of claim.

[¶ 17] Bell's and Clark's cure argument is grounded in the relation back doctrine. We recently described that doctrine, although in a different context:

> The [relation back] doctrine invokes the "principle by which, when an act is done at one time, it is considered, by a fiction of law, as if done at some antecedent time." 2 Clesson S. Kinney, A Treatise on the Law of Irrigation and Water Rights § 743 at 1284–85 (2d ed.1912).

*In re the General Adjudication of All Rights to Use Water in Big Horn River System,* 2002 WY 89, ¶ 20, 48 P.3d 1040, 1049 (Wyo. 2002).

[¶ 18] Before we discuss the possible application of the relation back doctrine in the present cases, it will be helpful to review the factual and legal context. Wyo. Stat. Ann. § 1–39–113(a) requires claims to be presented to the governmental entity within two years of the date of the alleged act, error, or omission. Wyo. Stat. Ann. § 1–39–114 requires actions against governmental entities based on those claims to be filed within one year of such presentment. We are being asked to apply the relation back doctrine in the first situation, not the second.[5] In other words, the question is not whether the doctrine applies to the filing of an amended complaint or other pleading; the question is whether the doctrine applies to the presentment of a second notice of claim after the two-year period stated in Wyo. Stat. Ann. § 1–39–113(a) has expired. More precisely, the question is whether the presentment of a

verified notice of claim after expiration of the statutory period "relates back" to the date the original unverified notice of claim was presented to the governmental entity, so as to "cure" the deficiency.

[¶ 19] Also pertinent to this discussion is recognition that the relation back doctrine, as it relates to court pleadings, has been adopted by this Court in W.R.C.P. 15(c):

> *Relation back of amendments.*—An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) Relation back is permitted by the law that provides the statute of limitations applicable to the action; or
>
> (2) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
>
> (3) The amendment changes the party or the naming of the party against whom a claim is asserted if the forgoing provision (2) is satisfied and, within 120 days after the filing of the complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

[¶ 20] The parties have cited numerous cases in which courts have applied, or declined to apply, the relation back doctrine. We will briefly address those cases, although many of them are of little assistance because their facts are dissimilar or because their holdings rely upon local rules or statutes. The cases do, however, present a good picture of the general nature and purpose of the relation back doctrine.

[¶ 21] In 1943, the Appellate Court of Indiana held that timely verification of a will

---

**5.** In *Mountain View/Evergreen Imp. and Service Dist. v. Brooks Water and Sewer Dist.,* 896 P.2d 1355, 1363 (Wyo.1995), we held that, "[i]f claims that have been filed are precluded because the action to recover for those claims was not commenced within the mandatory one-year period, those claims, indeed, are forever barred." The relation back doctrine was not, however, directly raised in that case. Rather, *Mountain View/Evergreen Imp. and Service Dist.* involved a complaint based upon two separate claims, where the notice of claim for the first claim had been presented more than one year prior to the filing of the complaint. *Id.*

contest petition was not jurisdictional, and thus the lack of a required verification could be cured by the filing of an untimely verified petition. *Workman v. Workman,* 113 Ind. App. 245, 46 N.E.2d 718, 724 (1943). Similarly, where allowed under the civil code, late verification of a divorce petition relates back to the date of filing of the original unverified petition. *Pulliam v. Pulliam,* 163 Kan. 497, 183 P.2d 220, 222 (1947). Particularly in regard to W.R.C.P. 15(c)(3), the relation back of an amended pleading is appropriate where a newly named defendant has sufficient notice of a claim that no prejudice will result. *Northern Utilities Div. of K N Energy, Inc. v. Town of Evansville,* 822 P.2d 829, 843 (Wyo.1991). This tandem finding of sufficient notice and no prejudice is often part of a court's decision to apply the relation back doctrine. *See, for example, Maliszewski v. Human Rights Com'n,* 269 Ill.App.3d 472, 207 Ill.Dec. 59, 646 N.E.2d 625, 627 (1995); *Drury Displays, Inc. v. Board of Adjustment of City of St. Louis,* 760 S.W.2d 112, 114 (Mo.1988); and *Doyle v. Frost,* 49 S.W.3d 853, 856, 858 (Tenn.2001).

[¶ 22] We have already noted herein *Big Horn River System,* 2002 WY 89, ¶ 20, 48 P.3d at 1049, and *Northern Utilities Div. of K N Energy, Inc.,* 822 P.2d at 843, as cases where this Court applied the relation back concept to protect water rights and to validate an amended complaint, respectively. The legal theory of relation back, although sometimes not in the precise sense identified in W.R.C.P. 15(c), has also arisen in the following Wyoming cases: *Nowotny v. L & B Contract Industries, Inc.,* 933 P.2d 452, 459 (Wyo.1997) (third amended complaint); *Richardson Associates v. Lincoln–Devore, Inc.* 806 P.2d 790, 799 (Wyo.1991) (amended complaint adding new claim); *Thatcher & Sons, Inc. v. Norwest Bank Casper, N.A.,* 750 P.2d 1324, 1327 (Wyo.1988) (statutory relation

back of construction lien); *Walliker v. Escott,* 608 P.2d 1272, 1273 (Wyo.1980) (relation back of title from land patent to entry); *Hagerman v. Thompson,* 68 Wyo. 515, 235 P.2d 750, 756 (1951) (placer mining location certificate); *L.C. Jones Trucking Co. v. Superior Oil Co.,* 68 Wyo. 384, 234 P.2d 802, 818 (1951) (signature on garnishee summons); *Tendolle v. Eureka Oil Syndicate,* 38 Wyo. 442, 268 P. 185, 187–88 (1928) (multiple deeds); *Roberts v. Hudson,* 25 Wyo. 505, 173 P. 786, 788 (1918) (relation back of title from land patent to entry); *Turner v. Hamilton,* 13 Wyo. 408, 80 P. 664, 665 (1905) (failure to verify election contest petition can be cured by late-filed verified petition).

[¶ 23] Unfortunately, none of these cases answers the question now before this Court. The notice of claim contemplated under Wyo. Stat. Ann. § 1–39–113 is not, of course, a court pleading, and Bell and Clark have provided neither cogent argument nor compelling authority for the proposition that W.R.C.P. 15(c) applies to anything other than court pleadings.[6] There are a few cases, however, that do more directly address our issue. In *Edelman v. Lynchburg College,* 535 U.S. 106, 112–16, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002), the United States Supreme Court held that verification of an employment discrimination charge filed with the Equal Employment Opportunity Commission (EEOC) could be accomplished via the relation back of an untimely verified document. The court concluded that the statutory timing and verification requirements had different objectives—avoidance of stale claims and employer protection, respectively—and that verification is not an integral part of the definition of a "charge" under the EEOC rules. *Id.* Therefore, verification is required only by such time as the employer is required to respond to the charge. *Id.* at 113, 122 S.Ct. 1145.[7]

---

6. Some courts have compared the relation back of amended court pleadings to other situations. *See, for example, Chisholm v. Vocational School for Girls,* 103 Mont. 503, 64 P.2d 838, 841–42 (1936) (failure to verify worker's compensation claim) and *State ex rel. Williams v. Jones,* 179 Tenn. 206, 164 S.W.2d 823, 825–26 (1942) (failure to verify a pre-election expense account filing).

7. The court in *Edelman* relied upon *Becker v. Montgomery,* 532 U.S. 757, 764–65, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001), *cert. denied* 537 U.S. 1215, 123 S.Ct. 1316, 154 L.Ed.2d 1068 (2003), in finding that the relation back doctrine applied. *Edelman,* 535 U.S. at 116, 122 S.Ct. 1145. Interestingly enough, *Becker's* conclusion that omission of a signature on a federal court appeal may be corrected was based almost exclusively on the interplay between certain civil and

[¶ 24] Also published in 2002, and more directly on point with our case, is *Wilson v. City of Buffalo*, 298 A.D.2d 994, 747 N.Y.S.2d 657 (2002). The court in *Wilson* reached several conclusions that are pertinent to our inquiry. First, service of a notice of claim is a condition precedent to commencement of a personal injury action against a sewer authority. *Id.* at 659. Second, courts cannot authorize late service of a notice of claim absent proof of equitable estoppel. *Id.* Third, the relation back doctrine does not authorize courts to grant leave to present a late notice of claim or belatedly to amend a complaint to add a party. *Id.* at 660. Fourth, the statute defines the point at which a claim may be interposed. *Id.*

[¶ 25] This last-mentioned holding from *Wilson* leads to the next point of discussion—what is the nature of the notice of claim requirement found in Wyo. Stat. Ann. § 1–39–113(a)? There are three distinct types of statutes that have been characterized as statutes of limitation:

"Special" statutes of limitation have jurisdictional effect. They are included in statutes creating a new right and become elements of that right, limiting its availability; compliance with such a statute is a condition precedent to prosecution of a claim. *Commonwealth v. Owens–Corning Fiberglas Corp.*, 238 Va. 595, 598–99, 385 S.E.2d 865, 867 (1989); *Harper v. City of Richmond*, 220 Va. 727, 738, 261 S.E.2d 560, 567 (1980). Another type of statute of limitations is a "statute of repose." This involves a legislatively mandated limitation which reflects a policy determination that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct. *School Bd. of the City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 37, 360 S.E.2d 325, 327–28 (1987). Of course, there is a third type of limitation, the so-called "pure" or

procedural statute of limitations, which serves only to place a time limit upon assertion of a remedy and furnishes an affirmative defense that may be waived. *Owens–Corning*, 238 Va. at 598, 385 S.E.2d at 867.

*Friends of Clark Mountain Foundation, Inc. v. Board of Sup'rs of Orange County*, 242 Va. 16, 406 S.E.2d 19, 21 (1991).

[¶ 26] We have distinguished statutes of limitation from statutes of repose as follows:

" 'Statutes of repose and statutes of limitations are often confused. They are similar in that both prescribe the time period within which a plaintiff may commence his suit. The distinguishing feature between the two is the time at which the respective periods commence. Generally, * * * if the plaintiff's cause of action accrues and the statutory period commences when the injury occurs, or, as is most often the case, when the plaintiff is or should be aware that he has been injured, the statute is properly termed a statute of limitations. If the statutory period commences upon the occurrence of an event, regardless of when the injury occurs, at a time when the plaintiff may or may not be aware of any injury, the statute is properly termed a statute of repose.' "

*Bredthauer v. TSP*, 864 P.2d 442, 446 (Wyo. 1993) (*quoting Worden v. Village Homes*, 821 P.2d 1291, 1295 (Wyo.1991) and *State ex rel. Wyoming Workers' Compensation Div. v. Halstead*, 795 P.2d 760, 765 n. 9 (Wyo.1990)). The parties have not contended that Wyo. Stat. Ann. § 1–39–113(a) is a statute of repose; rather, the question presented is whether the notice of claim statute is a "special" statute of limitations, a "pure" statute of limitations, or something else altogether.

[¶ 27] The concept of the "special" or "jurisdictional" statute of limitations, or the "something else altogether," carries various

---

appellate rules of procedure, and had nothing to do with amendments to governmental claims. *See Becker*, 532 U.S. at 764–65, 121 S.Ct. 1801. *See also Cedars–Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9th Cir.1997), and *Central States, Southeast and Southwest Areas Pension Fund v. Navco*, 3 F.3d 167, 173 (7th Cir.1993), *cert. denied*, 510 U.S. 1115, 114 S.Ct. 1062, 127

L.Ed.2d 382 (1994), *abrogated on other grounds by Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) for the proposition that, unlike some state statutes of limitations, federal statutes of limitations are seldom seen as jurisdictional.

appellations, but the underlying legal theory is the same:

[T]he rule [is] that where a statute creates a right unknown to the common law and in the same statute fixes a time limit within which an action must be brought, ordinarily the limitation so fixed is construed as a condition on the right itself so that the right is extinguished by the lapse of the time fixed in the statute. Both respondents cite and quote from 34 Am.Jur., Limitation of Actions, sec. 7, pp. 16–17, which may be accepted as a fair statement of the rule and its limitations:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. Whether an enactment is of this nature, or whether it is a statute of limitations, should be determined from a proper construction of its terms. Generally, the limitation clause is found in the same statute, if not in the same section, as the one creating the new liability, but the fact that this is the case is material only as bearing on questions of construction; it is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion may be reached if the limitation is in a different statute, provided it is directed to the newly created liability

so specifically as to warrant saying that it qualifies the right."

*Myers v. Stevenson,* 125 Cal.App.2d 399, 270 P.2d 885, 887–88 (1954). Rather than being statutes of limitations, such statutes create a condition precedent to suit. *Fishman by Fishman v. Delta Air Lines, Inc.,* 132 F.3d 138, 143 (2nd Cir.1998). Furthermore, "not only does the expiration of the time period extinguish the cause of action but also, under the statute, '[t]he passage of time destroys the right and remedy of the injured party.' " *In re Paternity of James A.O.,* 182 Wis.2d 166, 513 N.W.2d 410, 415 (1994) (*quoting Matter of Fessler's Estate,* 100 Wis.2d 437, 438, 302 N.W.2d 414, 420 (1981), *abrogated on other grounds by Matter of Estate of Barthel,* 161 Wis.2d 587, 468 N.W.2d 689 (1991)).

[¶ 28] Many courts describe statutes of this nature as "nonclaim" statutes. A nonclaim statute is a "law extinguishing a claim that is not timely asserted, esp. in the context of another proceeding." *Black's Law Dictionary* 1421 (7th ed.1999). The effect is essentially the same, whether the statute is denominated a nonclaim statute or a jurisdictional statute or a statute of creation or a condition precedent:

"[A] nonclaim statute ... grants to every person having a claim of any kind or character against a decedent's estate, the right to file the same in the court having jurisdiction thereof and have the same adjudicated, provided such claim is filed within the time specified in the statute. Unless such claim is filed within the time so allowed by the statute, it is forever barred. The time element is a built-in condition of the said statute and is of the essence of the right of action. Unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created. While such statutes limit the time in which a claim may be filed or an action brought, they have nothing in common with and are not to be confused with general statutes of limitation. The former creates a right of action if commenced within the time prescribed by the statute, whereas the latter creates a

defense to an action brought after the expiration of the time allowed by law for the bringing of such an action."

[*Donnella v. Crady,* 135 Ind.App. 60, 62–63, 185 N.E.2d 623, 624 (1962)]. Thus, the statute is a nonclaim statute when "there is clearly evidenced a legislative intent in [the] statute to not merely withhold the remedy, but to take away the right of recovery where a claimant fails to present his claim as provided in the statute." *Rising Sun State Bank v. Fessler,* 400 N.E.2d 1164, 1166 (Ind.Ct.App.1980).

*Estate of Decker v. Farm Credit Services of Mid–America, ACA,* 684 N.E.2d 1137, 1138–39 (Ind.1997). "A jurisdictional nonclaim statute is not an affirmative defense, because it bars untimely claims without any action by the opposing party, and deprives the court of the power to adjudicate those claims." 51 Am.Jur.2d *Limitation of Actions* § 3 (2000) (*citing Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P.,* 673 So.2d 163, 166 (Fla.App.1996)).

[¶ 29] This Court's experience with nonclaim statutes primarily has been with Wyo. Stat. Ann. § 2–7–703(a) (LexisNexis 2003), the probate notice of claim statute. Recently, we described that statutory filing requirement as a condition precedent, rather than a statute of limitations:

The Personal Representatives of the Estate counter that our decision in *State ex rel. State Bd. of Charities and Reform v. Bower,* 362 P.2d 814 (Wyo.1961) makes Wyo. Stat. § 2–7–703(a) applicable to HCF [Department of Health, Division of Health Care Financing], because the notice of claim requirement is a condition precedent, not a statute of limitations. We agree with the Personal Representatives of the Estate that Wyo. Stat. § 2–7–703(a) is not a statute of limitations, and that the State is subject to its provisions.

Statutes of limitation place time limits on the filing of a cause of action. Such statutes are a "declar[ation] that no suit

shall be maintained on such causes of action * * * unless brought within a specified period of time after the right accrued." *Black's Law Dictionary* 927 (6th ed.1990). They create a defense to suit which must be pled and may be waived. *See Bower,* 362 P.2d at 823 (*quoting Donnally v. Montgomery County Welfare Bd.,* 200 Md. 534, 92 A.2d 354, 358 (1952)). Statutes of limitation are applicable only when affirmative relief is sought. *Boller v. Western Law Associates, P.C.,* 828 P.2d 1184, 1187 (Wyo.), *cert. denied,* 506 U.S. 869, 113 S.Ct. 198, 121 L.Ed.2d 140 (1992). With respect to claims against an estate, there is no access to the courts, and thus no affirmative relief is sought, until the claim has been denied by the personal representative. *Taylor v. Estate of Taylor,* 719 P.2d 234, 238 (Wyo.1986). After rejection of the claim, Wyo. Stat. § 2–7–718 allows the claimant thirty days in which to file an action in district court. This thirty-day limitation period constitutes a statute of limitations which may be raised as a defense to an action filed after that deadline. *See Taylor,* 719 P.2d at 238, 239.

*Matter of Estate of Campbell,* 950 P.2d 557, 560 (Wyo.1997). *See also Scott v. Scott,* 918 P.2d 198, 199–200 (Wyo.1996); *West v. Wyoming State Treasurer,* 822 P.2d 1269, 1274 (Wyo.1991); *State ex rel. State Bd. of Charities and Reform v. Bower,* 362 P.2d 814, 821–22 (Wyo.1961); and *Delfelder v. Farmers' State Bank of Riverton,* 38 Wyo. 481, 269 P. 418, 424 (1928).[8]

[¶ 30] The statutory scheme for presentment of a governmental notice of claim and the subsequent filing of a complaint is analogous. Wyo. Stat. Ann. § 1–39–113(a) is not a statute of limitations; rather, it creates a statutory condition precedent to the filing of a civil action. Wyo. Stat. Ann. § 1–39–114 is a statute of limitations because it establishes a time limitation upon the seeking of affirmative relief from the judicial system.[9] This distinction is important because exceptions to

---

8. *See Kuntz v. Kinne,* 395 P.2d 286, 287–88 (Wyo. 1964), for a comparison of the probate nonclaim statute with a "special statute of limitation" for probate claims where no administrator has been appointed.

9. We need not decide at this time whether Wyo. Stat. Ann. § 1–39–114 is a special substantive statute of limitations or a "traditional" procedural statute of limitations.

the application of a statute of limitations are not automatically exceptions to the application of a condition precedent. We have already noted herein that it is doubtful that the savings statute applies to conditions precedent, and we have not been provided with cogent argument or citation to controlling authority to convince us that W.R.C.P. 15(c)'s relation back provision applies to anything but court pleadings.

[¶ 31] This Court has not previously answered the precise question raised in this case—whether a defective notice of a governmental claim can be cured after passage of the statutory period for filing of such claims—but *Beaulieu I* and *Beaulieu II,* and the cases cited therein, have established that the notice of claim requirement is clearly jurisdictional.[10] Furthermore, we held in *Awe v. University of Wyoming,* 534 P.2d 97, 105 (Wyo.1975), *overruled on other grounds by Dye by Dye v. Fremont County School Dist. No. 24,* 820 P.2d 982 (Wyo.1991), that the then-existing notice of claim statute was not a statute of limitations, but was a limitation upon the filing of a claim.

[¶ 32] Other courts have grappled with these issues, with varying results. *See, for example, Cedars–Sinai Medical Center v. Shalala,* 125 F.3d 765, 770 (9th Cir.1997) (federal statutes of limitations are not generally jurisdictional); *Chumney v. Houston County,* 632 So.2d 1328, 1329–30 (Ala.1994) (nonclaim statute bars filing of civil action where notice of claim untimely, the purpose of nonclaim statute being to provide broader defense to governments than that provided by statute of limitations); *City of Birmingham v. Davis,* 613 So.2d 1222, 1223–24 (Ala. 1992) (relation back doctrine does not apply to notice of claim statutes); *F.D.I.C. v. Hillcrest Associates,* 233 Conn. 153, 659 A.2d 138, 143–44 (1995) (as a matter of statutory construction, limitation period for requesting a deficiency judgment not jurisdictional); *Easter Seal Soc. for Disabled Children v. Berry,* 627 A.2d 482, 486 (D.C.1993) (even when part of statute creating a right, time limitation for filing petition not part of right);

*Southside Civic Ass'n, Inc. v. Warrington,* 635 So.2d 721, 722–24 (La.App.1994) (relation back doctrine found in civil code allows late verification of court pleading); and *Doyle,* 49 S.W.3d at 858 (relation back doctrine found in civil rules allows amendment to pleadings to add county hospital as defendant).

[¶ 33] If a general rule can be said to exist, that rule would be (1) that governmental notice of claim statutes are jurisdictional nonclaim statutes, rather than statutes of limitations, and (2) a defective notice of claim cannot be cured by untimely amendment under the relation back doctrine. *See* 51 Am. Jur.2d *Limitation of Actions, supra,* §§ 10–12, 20–26, 30. That rule, however, is not universal. In *Negron v. Llarena,* 156 N.J. 296, 716 A.2d 1158, 1160–62 (1998), the court describes the traditional contrast between what it calls procedural and substantive statutory limitation periods, and then declares that "[t]he interpretation of the meaning and intended application of substantive statutes of limitations has undergone a significant change in recent times." The court next emphasizes "underlying legislative purpose" and "public policy" in holding that even a substantive statute—that is, one that establishes a condition precedent to exercise a right—can be "relaxed." *Id.* at 1162.

[¶ 34] We are convinced that the clear and unambiguous language of Wyo. Stat. Ann. § 1–39–113(a) makes it a nonclaim statute, in the traditional sense. Thus, the timely presentment of a notice of claim is a condition precedent to suit, is jurisdictional, and cannot be waived. The notice of claim provision is not a statute of limitations, but is a substantive element of the right to sue. Therefore, the right to sue ceases to exist when the limitation period expires and no valid notice of claim has been presented. It follows that, the right having expired, it cannot be resurrected by the later untimely presentment of a non-defective notice of claim.

[¶ 35] In reaching this conclusion, we reject the reasoning of *Negron* and like cases. Our reading of cases from across the nation

---

10. We avoided answering the question in the probate context in *Bower,* 362 P.2d at 821, only because the initial notice of claim was filed in a guardianship rather than in the probate, thereby leaving no initial claim to be cured.

suggests that the legislative purpose/public policy argument is little more than gloss over judicial legislating. It is the product of courts wanting to avoid the sometimes harsh result of the application of the traditional rule. *See, for example, Cedars–Sinai Medical Center*, 125 F.3d at 770 (broad use of exceptions to bar of statute "as a practically useful principle of interpretation"); *F.D.I.C.*, 659 A.2d at 147 (statutory deficiency procedure may not have existed at common law, but strict foreclosure did); and *Negron*, 716 A.2d at 1162 (doctrine of substantial compliance salvages wrongful death claim). *See also* J. James Fraiser III, *A Review of Issues Presented by § 11–46–11 of the Mississippi Tort Claims Act: The Notice Provisions and Statute of Limitations*, 65 Miss. L.J. 643, 652 (1996) (as to the notice of claim statute, Mississippi is a strict compliance state) and Michael J. Waldspurger, *Ameliorating the Harsh Effects of Wisconsin's Municipal Notice of Claim Statute*, 77 Marq. L.Rev. 610, 627, 631 (1994) (substantial compliance with filing time under state notice of claim statute insufficient).

[¶ 36] We have said many times that courts are not free to legislate, and we cannot create exceptions in the face of clear legislation to the contrary. *Scott*, 918 P.2d at 200. Furthermore, we cannot even construe unambiguous statutory language without stepping outside the judicial province. *Seckman v. Wyo–Ben, Inc.*, 783 P.2d 161, 166 (Wyo.1989). In particular, we cannot judicially adjust clearly mandated legislative claim-filing limitation periods. *Id.* The language in Wyo. Stat. Ann. § 1–39–113(a) is clear and unambiguous: "No action shall be brought ... unless. . . ." Although strict construction of a statute that is in derogation of common law sovereign immunity might be appropriate, such construction is not necessary where the notice of claim limitation period is explicit. *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C.1990). *See also Eschbaugh v. Industrial Com'n*, 286

Ill.App.3d 963, 222 Ill.Dec. 235, 677 N.E.2d 438, 442 (1996). We conclude that, by its own clear language, Wyo. Stat. Ann. § 1–39–113(a) is a true nonclaim statute and that, therefore, the right to file a complaint against the state ceases to exist upon expiration of the limitation period for the presentment of a governmental claim if no valid governmental claim has been presented.

### Equitable Estoppel

[¶ 37] Bell did not in this appeal raise the issue of equitable estoppel.[11] Clark's principal brief contains a twelve-line argument, with no case citations, in which she contends that the State's "course of conduct" over the years in not raising the issue of certification should equitably estop it from now raising the issue.

[¶ 38] Generally, we will not address issues that have not been properly raised or supported by appropriate references to the record, citations to legal authority, and cogent argument. *State ex rel. Reece v. Wyoming State Bd. of Outfitters and Professional Guides*, 931 P.2d 958, 959 (Wyo. 1997). Suffice it to say that equitable estoppel rarely is applied against a governmental entity and certainly will not lie in the absence of any showing of affirmative misconduct or misrepresentation. *Beaulieu II*, 2004 WY 31, ¶ 22, 86 P.3d at 871; *Appleby v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 84, ¶ 19, 47 P.3d 613, 619 (Wyo.2002); *Snake River Brewing Co., Inc. v. Town of Jackson*, 2002 WY 11, ¶ 28, 39 P.3d 397, 407–08 (Wyo.2002); *Thompson v. Board of County Com'rs of the County of Sublette*, 2001 WY 108, ¶¶ 11–12, 34 P.3d 278, 281–82 (Wyo.2001); *Campbell County School Dist. v. Catchpole*, 6 P.3d 1275, 1284 (Wyo. 2000); *Wells v. Board of Trustees of Laramie County School Dist. No. 1*, 3 P.3d 861, 866–67 (Wyo.2000); *State, Dept. of Family Services v. Peterson*, 957 P.2d 1307, 1311–12

11. " 'Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might otherwise have existed as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse.' "

*Beaulieu II*, 2004 WY 31, ¶ 19 n. 9, 86 P.3d at 869 n. 9 (quoting *Birt v. Wells Fargo Home Mortg., Inc.*, 2003 WY 102, ¶ 34, 75 P.3d 640, 653 (Wyo.2003)).

(Wyo.1998); *Universal Equipment Co. v. State By and Through Dept. of Environmental Quality,* 839 P.2d 967, 976 (Wyo.1992); *In re General Adjudication of All Rights to Use Water in the Big Horn River System,* 753 P.2d 76, 89–90 (Wyo.1988), *cert. denied,* 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989), *abrogated on other grounds by Vaughn v. State,* 962 P.2d 149 (Wyo.1998); *Big Piney Oil & Gas Co. v. Wyoming Oil and Gas Conservation Com'n,* 715 P.2d 557, 560–61 (Wyo.1986). This rule applies to statute of limitations defenses under the WGCA. *Archuleta v. City of Rawlins,* 942 P.2d 404, 406 (Wyo.1997). For discussions of whether equitable estoppel may apply against a governmental entity in the context of a nonclaim statute, *see Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 617–18 (3rd Cir.1998); *Eschbaugh,* 222 Ill.Dec. 235, 677 N.E.2d at 440; *Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Van Vorst Industries, Inc.,* 800 F.Supp. 587, 592 (N.D.Ill. 1992), *aff'd by Central States, Southeast and Southwest Areas Pension Fund v. Navco,* 3 F.3d 167, 174 (7th Cir.1993), *cert. denied,* 510 U.S. 1115, 114 S.Ct. 1062, 127 L.Ed.2d 382 (1994); *Estate of Decker,* 684 N.E.2d at 1139; and *Wilson,* 747 N.Y.S.2d at 659.

### Public Policy

[¶ 39] As with the issue of equitable estoppel, the issue of public policy was raised by Clark, but not by Bell. And as with the issue of equitable estoppel, Clark has not supported her public policy argument with references to the record or citations to persuasive authority. Instead, after suggesting that the public policy of concern is the policy behind Wyo. Const. art. 16, § 7, that being "to protect the public (taxpayers) from money being paid out of the State coffers unless it is for a bona fide claim," Clark basically repeats her equitable estoppel argument. She does not explain how the district court's ruling, which ruling might seem to enforce that policy, actually offends it. Therefore, we decline to address the issue.

### CONCLUSION

[¶ 40] Bell and Clark presented putative notices of claim that were neither signed by them nor certified under penalty of perjury. Those notices of claim were invalid under the WGCA because they did not meet the requirements of Wyo. Const. art. 16, § 7. The belated attempts to cure the deficiencies were ineffective because the limitation period of the nonclaim statute had passed, thereby extinguishing the statutory right to sue the state. Bell and Clark have not shown that the deficient notices of claim were, or could be, salvaged by the savings statute, by the doctrine of equitable estoppel, or as a matter of public policy.

[¶ 41] We affirm in both cases.